Elizabeth Jo Anne WALKER, Plaintiff,

v.

Clarence THOMAS, Chairman of the United States Equal Employment Opportunity Commission, Defendant.

Civ. A. No. 86–CV–73855–DT.

United States District Court,
E.D. Michigan, S.D.

Oct. 28, 1987.

Clarice Y. Larkins, Detroit, Mich., for plaintiff.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

Plaintiff, Elizabeth Jo Anne Walker, brought this action under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Clarence Thomas, Chairman of the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff was employed by the EEOC as a trial attorney, and claims that her former employer unlawfully discriminated against her on the basis of sex by paying her at a lower rate than male trial attorneys.

On July 8, 1987, the Court entered an Order granting defendant's Motion to Strike Plaintiff's Jury Demand, and striking plaintiff's jury demand. Currently, plaintiff has filed a Motion to Vacate the Court's Order, and reinstate the jury demand.[1] Plaintiff concedes that she is not entitled to a jury trial on her Title VII claim, but asserts that she is entitled to one on her EPA claim. Defendant opposes plaintiff's motion, arguing that a federal employee is not entitled to a jury trial on a claim against the U.S. government under the EPA.

Defendant relies on *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981),[2] in which the U.S. Supreme Court held that jury trials are not available to federal employees bringing claims against the U.S. government under the Age Discrimination in Employment Act ("ADEA"). Although jury trials are permitted in ADEA suits against private employers (*Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978)), the *Lehman* court found that, in waiving the sovereign immunity of the federal government to allow ADEA claims, Congress did not extend that waiver to jury trials.

In arriving at its conclusion, the *Lehman* court analyzed the history of the right to jury trial and sovereign immunity. The court noted that the seventh amendment, which preserves the right to a jury trial in suits at common law, is not applicable to

---

1. Oral arguments were held on the motion on August 6, 1987, and the Court took the motion under advisement.

2. Defendant also argues that plaintiff is not entitled to a jury trial on her EPA claim because the relief sought is equitable. The Court rejects this argument. Courts which have considered the issue have found that EPA suits seek legal relief; thus, EPA plaintiffs are entitled to trial by jury in suits other than against the government. *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir.1965); *Olearchick v. Am. Steel Foundries*, 73 F.Supp. 273, 280 (W.D.Penn.1947).

suits against the U.S. government. "Whatever force the amendment has therefore, is derived because Congress in the legislation cited has made it appliable." *Galloway v. U.S.*, 319 U.S. 372, 388–89, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943).[3] Further, the United States is immune from suit unless it consents to be sued and "the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *U.S. v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). In construing the conditions of the governments waiver of immunity, courts may not extend the waiver "beyond that which Congress intended." *U.S. v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

> [L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied lightly. *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981), *quoting Soriano v. U.S.*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

Additionally, the United States has "almost always" conditioned the waiver of its immunity on the plaintiff's relinquishing any right to a jury trial. *Lehman* at 161, 101 S.Ct. at 2702. For example, jury trials are not available in the Court of Claims, nor in tort actions against the United States. *Id.* With regard to the ADEA, the *Lehman* court found nothing in the language of the statute or its legislative history to indicate that Congress intended to confer a right to trial by jury on federal employees pursuing ADEA claims against the government. *Lehman* at 166–168, 101 S.Ct. at 2704–05. The Court stated:

> *[T]he plaintiff in an action against the United States has a right to jury trial only where affirmatively and unambiguously granted that right by statute.* Congress has most obviously not done so here.

> \*    \*    \*    \*    \*    \*

> The conclusion is inescapable that Congress did not depart from its normal practice of not providing a right to trial by jury when it waived the sovereign immunity of the U.S.

*Lehman* at 768–69, 101 S.Ct. 2705–06 (Emphasis added).

The present case involves the right to a jury trial in EPA claims against the government. Apparently, no court has considered this issue since the Supreme Court decided Lehman.[4] Like the ADEA, the EPA does not explicitly grant EPA plaintiffs the right to a jury trial on claims against the government. Further, there is no indication of an intent to grant such a right, in the Congressional history of the legislation amending the statute to allow EPA suits against the government. *See* 1974 U.S.Code Cong. and Admin.News 2811–2868; 120 Cong.Rec. 4688 (1974); 120 Cong.Rec. 7306 (1974). Thus, defendant argues, under the Supreme Court's holding in *Lehman*, a right to a jury trial does not exist for EPA claims against the government.

Plaintiff makes several arguments in response. First, plaintiff argues that the purpose and enforcement provisions of the ADEA and EPA are distinguishable. Thus, decisions regarding the ADEA are not necessarily applicable to the EPA. (Plaintiff's Brief at 2). The Court agrees that the two acts are distinguishable, and that decisions pertaining to one are not necessarily applicable to the other. Nevertheless, the Court finds that the U.S. Supreme Court's decision in *Lehman*, insofar

---

**3.** The *Galloway* court noted that in 1791, under the common law, persons asserting claims against the sovereign were not entitled to a jury as a matter of right. *Galloway* at 388, 63 S.Ct. at 1086.

**4.** The court did not discover any published opinion dealing with the question since *Lehman*. In *Carter v. Marshall*, 17 FEP 1186 (D.C.D.C.1978) [Available on WESTLAW, 1978 WL 33], a district court confronted with the issue held that when Congress waived the sovereign immunity of the United States to suits under the EPA, it intended to waive the immunity of the United States as to jury trials as well. In light of the Supreme Court's decision in *Lehman*, this Court believes that the *Carter* decision was incorrectly decided, and that the opposite conclusion must be reached.

as it established that jury trials are not available on claims against the government unless explicitly provided in the statute or the legislative history, is applicable to the present case.

Plaintiff also argues that the *Lehman* case is inapposite because the *Lehman* court based its decision on the fact that Congress modeled the enforcement provisions of § 15 of the ADEA [5] on Title VII of the Civil Rights Act of 1964, for which jury trials are not available. *Great Am. Federal S. & L. Ass'n v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). By contrast, the EPA is enforced under the Fair Labor Standards Act [6] (29 U.S.C. § 216 and § 217) ("FLSA"), for which jury trials are available. Thus, plaintiff argues, the Supreme Court's decision in *Lehman* is not applicable to this case.

The Court does not agree. The Supreme Court effectively dealt with plaintiff's argument in footnote 11 to the *Lehman* opinion. In that footnote, the Court noted that the decisions it cited in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) for the proposition that a right to a jury trial exists in claims under the FLSA relied on the seventh amendment, not the EPA itself. *Lorillard* at 580 n. 7, 98 S.Ct. at 870 n. 7. The Court went on to state:

> Thus, for the same reason that the Seventh Amendment does not apply in suits against the Federal Government, there would be no comparable right to trial by jury in FLSA suits against the Federal

Government under 29 U.S.C. 216(b). Accordingly, even if Congress intended to incorporate the FLSA enforcement scheme into § 15 of the ADEA, there would be no basis for inferring a right to a jury trial in ADEA cases where the employer is the Federal Government.

*Lehman* at 164 n. 11, 101 S.Ct. 2703 n. 11.

Therefore, the Court finds that the difference in enforcement schemes between the ADEA and the EPA is not relevant to the question whether a jury trial exists in EPA suits *against the federal government;* under the Supreme Court's decision in *Lehman*, the right exists only if expressly provided by Congress.

Plaintiff's remaining arguments can be dispensed with shortly. Plaintiff cites the dissent in *Lehman*, in which Justice Brennan argued that the inclusion of the provision in the ADEA allowing employees to seek "legal or equitable relief" indicated Congress' intent to grant a right to a jury trial. *Lehman* at 173, 101 S.Ct. at 2708. An identical provision is contained in the EPA. The majority in *Lehman*, however, found that the language "legal or equitable relief" was not indicative of Congress' intent to grant a right to trial by jury.[7] *Lehman* at 163, 101 S.Ct. at 2703.

Finally, plaintiff cites *Thompson v. Sawyer*, 678 F.2d 257, 270 (D.C.Cir.1982) as authority for her argument. The District of Columbia Circuit, in *Thompson*, determined that the EPA could be applied retroactively against the federal government.[8]

---

**5.** Section 15 of the ADEA (29 U.S.C. § 633a) extended coverage of the act to discrimination in federal government employment.

**6.** Congress extended the EPA to include government employers by amending the definition of "employee," as used in the Act. 29 U.S.C. § 203(e). Thus, the enforcement scheme is the same for government and non-government employers under the EPA. Congress extended the ADEA to include government employers however, by adding a new section (§ 15), which contained its own enforcement provisions, modeled after Title VII. *Lehman* at 163–64, 101 S.Ct. at 2703. The ADEA is enforced against non-government employers under the FLSA (29 U.S.A. § 216 and § 217). 29 U.S.C. § 626(b).

**7.** Specifically, the court found that the word "legal" in § 15(c) of the ADEA was not particu-

larly significant to the question of the right to jury trial for ADEA claims against the federal government, because the seventh amendment (which preserves the right to jury trials in suits "under common law") is not applicable to suits against the federal government. *See supra*, p. 2.

**8.** The *Thompson* court determined that, in general, a court must apply the law in effect at the time it renders its decision, unless manifest injustice would result or there is statutory direction or legislative history to the contrary. *Thompson* at 279. The court found no evidence in the language of the statute or its history indicating an intent by Congress that the statute should not be applied retroactively. Further, the court found that manifest injustice would result if the statute were *not* applied retroactively. Therefore, the Court found that the leg-

*Thompson* at 279–80. In particular, the plaintiff cites the following language from Thompson as instructive to the present case:

> The plaintiffs are working women who have been unfairly denied wages by their own government. The Defendant, [the Government Printing Office], is hardly the innocent actor being subjected to surprising and unexpected obligations.

*Thompson* at 280.

Plaintiff argues that in the present case, it would be "manifestly unjustice [sic]" to allow the defendant, EEOC, to prevail in its argument that it is an "innocent actor" who should not be "made to account before a jury for its practice of employing the plaintiff in a job equal to those of its male employees at a pay level considerably less on the basis of her sex." (Plaintiff's Brief at 6). Unfortunately for plaintiff, the issue of whether it would be "manifestly unjust" is not relevant to the Court's determination of whether a jury trial is allowed in EPA claims against the federal government. (The question of manifest injustice was relevant to the *Thompson* court's inquiry into the retroactivity of the EPA against the government, however).[9] *Thompson* at 279. Moreover, even if the question of "manifest injustice" were relevant, the court does not believe that plaintiff would be denied justice if a jury trial were not provided. In *Lehman*, the U.S. Supreme Court noted that Congress expressed a policy reason for denying jury trials in suits against the government; Congress worried that juries "might tend to be overly generous because of the virtually unlimited ability of the Government to pay the verdict." *Lehman* at 161 n. 8, 101 S.Ct. 2702 n. 8. Accordingly, the Court finds that the dictates of justice do not require a jury trial in the present case.

Therefore, the Court holds that, in waving the sovereign immunity of the United States to allow suits under the EPA against government employers, Congress did not explicitly extend that waiver to trials by jury. Consequently, jury trials are not available in suits under the EPA against the federal government.

An Order shall be issued accordingly.

---

islation amending the EPA to allow suits against the government could be applied retroactively. *Thompson* at 280.

9. If the Thompson court had found the EPA to be non-retroactive against the government, then the plaintiffs in *Thompson* would have been denied *any* recovery. In this case, the issue of the right to a jury trial does not involve the same concern; the question is not whether plaintiff will be allowed *any* recovery, it is *who will decide* whether she is entitled to any recovery.