### Sanquita Chyverne ALEXANDER, Plaintiff,

v.

### CHATTAHOOCHEE VALLEY COMMUNITY COLLEGE and Dr. Laurel Blackwell, etc., Defendants.

Civil Action No. 03–T–192–E.

United States District Court, M.D. Alabama, Eastern Division.

Feb. 23, 2004.

lacks personal jurisdiction over Wells Fargo.

Terry G. Davis, Afrika C. Parchman, Davis & Hatcher, LLC, Montgomery, AL, W. Don Eddins, Attorney at Law, Auburn, AL, for Plaintiff.

John J. Park, Jr., Sandra Ingram Speakman, Office of the Attorney General, Montgomery, AL, J. Victor Price, Jr., J. Victor Price, Tallassee, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

This lawsuit is now before the court on plaintiff Sanquita Chyverne Alexander's motion to withdraw her jury demand. Defendants Chattahoochee Valley Community College and Laurel Blackwell oppose this motion. For the reasons that follow, this motion will be denied.

■ Rule 38(b) of the Federal Rules of Civil Procedure provides in part that "[a]ny party may demand a trial by jury of any issue triable of right by a jury...." Rule 38(d) further provides that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." However, under Rule 39(a)(2), if a court finds that "a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States," the

court may order that the trial not be by jury. Thus, if Alexander is entitled to a jury trial, then she cannot withdraw her request for a jury trial in the face of the defendants' objection. However, if she is not entitled to a jury trial, then the court may grant her motion to withdraw her request for a jury trial. *Kramer v. Banc of America Securities, L.L.C.,* 355 F.3d 961 (7th Cir.2004) ("there is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right").

In both her complaint and her proposed amended complaint, Alexander asks this court to issue a declaratory judgment in her favor, to require the defendants to raise her pay "as Director of Admissions at Chattahoochee Valley, with all back pay, allowances, seniority, and retirement benefits to which she would have been entitled had Plaintiff been properly compensated," to award her costs and fees, and to grant her "such additional and further relief as the Court deems is proper and just." Alexander seeks this relief under the Equal Pay Act (EPA), 29 U.S.C.A. § 206(d); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17; the Civil Rights Act of 1866, as amended, 42 U.S.C.A. § 1981; the equal protection clause of the fourteenth amendment to the United States Constitution, as enforced through 42 U.S.C.A. § 1983; 1975 Alabama Code §§ 16–22–13.2(4) and 16–22–11(3); and Alabama contract law.

■ Alexander argues that all of the relief she seeks is equitable. It is well-established that there is "no right to a jury trial when the only remedies sought … are equitable." *Kramer,* 355 F.3d at 966; *see also Loren F. ex rel. Fisher v. Atlanta Independent School Sys.,* 349 F.3d 1309, 1314 (11th Cir.2003). However, this generalization does not answer the question of whether Alexander is entitled to a jury

trial. When the right to a jury trial is at issue, a court should first look to see if Congress has provided the right to a jury trial; if Congress has created a legal right, a jury trial is required. If Congress has not provided an express right, then the court must decide if a constitutionally protected right to a jury trial exists under the seventh amendment to the United States Constitution. *Tull v. United States,* 481 U.S. 412, 417–27 & n. 3, 107 S.Ct. 1831, 1835–1840 & n. 3, 95 L.Ed.2d 365 (1987); *Lorillard v. Pons,* 434 U.S. 575, 585, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978); *Waldrop v. Southern Company Services, Inc.,* 24 F.3d 152, 155 (11th Cir.1994); *Kennedy v. Alabama State Bd. of Educ.,* 78 F.Supp.2d 1246, 1250 (M.D.Ala.2000) (Thompson, J.).

Among the relief that Alexander seeks is backpay under the EPA. In some situations, including arguably under Title VII, backpay is considered equitable relief and does not entitle a plaintiff to a jury trial. *Cf.* 42 U.S.C.A. § 1981a(b)(2) ("Compensatory damages awarded under this section [of Title VII] shall not include backpay"); *Williams v. City of Montgomery,* 742 F.2d 586, 590 (11th Cir.1984) (there is no right to a jury trial in Title VII cases); *but see Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 218 n. 4, 122 S.Ct. 708, 717 n. 4, 151 L.Ed.2d 635 (2002) ("Congress treated [backpay] as equitable in Title VII … only in the narrow sense that it allowed backpay to be awarded together with other equitable relief") (internal citations and emphases omitted).

■■ However, the EPA does confer a right to jury trial for plaintiffs seeking backpay, at least for private plaintiffs who are bringing suits against defendants other than the federal government. *Lufkin v. Illinois Dept. of Employment Security,* 1996 WL 563458 (N.D.Ill.1996) ("certainly plaintiff is entitled to a jury trial based on

her Equal Pay Act claims"); *Vanek v. Nutrasweet Co.,* 1993 WL 535209 (N.D.Ill. 1993) ("Plaintiff was entitled to a jury trial on the Equal Pay Act Claims"); *see also Walker v. Thomas,* 678 F.Supp. 164 (E.D.Mich.1987) (a plaintiff suing the federal government under the EPA does not have a right to a jury trial); *cf. Tidwell v. Fort Howard Corp.* 989 F.2d 406 (10th Cir.1993) (discussing trial in which EPA claim was tried to a jury while Title VII claim was decided by the court); *Korte v. Diemer,* 909 F.2d 954, 957 (6th Cir.1990) (same).

This is because Congress chose to make the EPA enforceable under the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201–219. *Carter v. Marshall,* 1978 WL 33 (D.D.C.1978); *Altman v. Stevens Fashion Fabrics,* 441 F.Supp. 1318, 1321 (N.D.Cal.1977). Courts have long held that the FLSA gives private plaintiffs the right to a jury trial. *Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978).

Thus, regardless of whether any of the other laws under which Alexander seeks relief would give her a right to a jury trial, the EPA does give her that right. Therefore, she cannot withdraw her jury demand without the consent of the defendants.

For the above reasons, it ORDERED that the motion to withdraw jury demand, filed by plaintiff Sanquita Chyverne Alexander on February 9, 2004 (Doc. no. 45), is denied.