Michael David WILSON and Ted R. Williams, Plaintiffs–Appellants,

v.

Mel BAILEY, James E. Johnson, Patricia Hoban–Moore, Roderick Beddow, Jr., David Graff, Jefferson County Personnel Board, Jefferson County, Defendants–Appellees,

John W. Martin, Major Florence, Ida McGruder, Sam Coar, Eugene Thomas, Charles Howard, Intervenors–Defendants–Appellees.

No. 90–7666.

United States Court of Appeals, Eleventh Circuit.

June 24, 1991.

302

W. Eugene Rutledge, Birmingham, Ala., for plaintiffs-appellants.

Gorham, Waldrep, Stewart, Kendrick & Bryant, Barry W. Tucker, LaVeeda Morgan Battle, Birmingham, Ala., for Personnel Bd. of Jefferson County, Ala.

Robert D. Joffe, New York City, for John W. Martin, et al.

Dominick, Fletcher, Yeilding, Wood & Lloyd, P.A., J. Fred Wood, Jr., Terry McElheny, Birmingham, Ala., for Mel Bailey, Sheriff of Jefferson Co., Ala.

Charles S. Wagner, Asst. County Atty., Birmingham, Ala., for Jefferson County, Ala.

Before KRAVITCH and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This case arises on appeal following a bench trial in which the district court found in favor of the defendants in this reverse discrimination suit.

## I. STATEMENT OF THE CASE

### A. *Background Facts*

In 1974 and 1975, three actions were brought in the Northern District of Alabama alleging discrimination by the city of Birmingham in its employment practices. The city of Birmingham, Jefferson County ("the County"), and the Jefferson County Sheriff's Department ("the Sheriff's Department") eventually entered into three consent decrees. This suit challenges the effects of one of these consent decrees, "the County decree," on the Sheriff's Department. The County decree requires the

good faith efforts of the County and the Sheriff to hire qualified blacks and women for entry-level positions and to "seek to secure the number of qualified black and female applicants for promotion to [certain jobs] that is at least equivalent to their percentage representation in the applicant pool from which such promotions are made."

Deputy sheriffs who would like to be promoted to Sheriff's sergeant must take an exam. The Jefferson County Personnel Board uses the exams to draw up a list of eligible candidates by choosing the top three names for the first open position ("the rule of three") and one name for every open position after that one. The Personnel Board compares the eligibility list to the composition of minorities and women within the applicant pool. If necessary, the Personnel Board supplements the list with the highest scoring women and minority candidates in proportion to their numbers within the applicant pools. The list is then sent to the Sheriff who is not told the applicant's raw score, where the applicant stood in the overall applicant pool, or whether the applicant was supplemented to the list. The list, though, is ranked based on how the candidates performed on the test compared to the other certified candidates. The Sheriff receives the list and then reviews the candidate's personnel file for each certified candidate and has a meeting with his Chief Deputy and several sergeants from the Internal Affairs Division to discuss each candidate. The Sheriff then meets with each candidate. The Sheriff reviews the candidates for loyalty, number of demerits, the quality of their writing and verbal skills, attitude, decision-making skills, and ability as a deputy sheriff. The Sheriff admits that he is aware of, and considers, the race and gender of each candidate, but he claims that these characteristics are not dispositive. He also claims that he has never promoted an unqualified African American or woman.

This appeal involves two white deputy sheriffs who were both twice certified as candidates by the Personnel Board, but were never promoted by the Sheriff. In the two certifications, the Sheriff interviewed eight minority or women candidates and offered six of them promotions. The Sheriff also interviewed eleven white males, five of whom were promoted.

B. *Procedural History*

On July 19, 1989, the plaintiffs filed suit against the Personnel Board, Jefferson County, and Sheriff Bailey. On October 9, 1989, the court permitted the plaintiffs from the earlier consent decree cases to intervene as defendants.

Initially, the plaintiffs' claims were consolidated into a complex suit challenging the consent decrees entitled *In re Birmingham Reverse Discrimination Employment Litig.* However, during a pretrial conference, the plaintiffs stipulated that the consent decrees were valid, and they voluntarily limited their action to the question of whether the defendants' conduct was mandated or consistent with the decree. The plaintiffs were thereby able to separate themselves from the complex litigation and expedite their trial on the merits.

The district court granted two separate summary judgment motions. The district court granted summary judgment in favor of the County and Personnel Board on every claim. The district court also granted partial summary judgment in favor of Sheriff Bailey on the Title VII claim, on the section 1981 claim, and on the section 1983 claim for monetary relief. The district court allowed the section 1983 claim for injunctive relief against Sheriff Bailey to go forward. Following a bench trial, the district court denied injunctive relief. A timely appeal was then taken.

II. ANALYSIS

A. *The Personnel Board*

The plaintiffs allege that the district court erred in granting summary judgment in favor of the Board members in their official capacity. The district court held that the Board did not deny the plaintiffs any employment opportunity, and therefore the plaintiffs could not prove a prima facie

case against the Personnel Board, as a matter of law.

 In reverse discrimination suits, plaintiffs must establish a *McDonnell Douglas* prima facie case. The test requires a reverse discrimination plaintiff to prove:

(1) that he belongs to a class

(2) that he applied for and was qualified for a job

(3) that he was rejected for the job; and

(4) that the job was filled by a minority group member or a woman.

*See generally, McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, it is necessary to adapt the *McDonnell Douglas* test further in the context of these defendants. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981) (the *McDonnell Douglas* test should be flexibly applied). The Personnel Board does not have the ability to make a final decision as to who should get the promotion. The Personnel Board only certifies individuals for positions. The district court therefore correctly altered the third element of the prima facie case from being "rejected for the job" to being "denied a job opportunity." Applying this test, the plaintiffs have not been denied an employment opportunity by the Personnel Board. They were certified, but the final decision-maker, the Sheriff, chose not to promote them.[1]

**B. *The Sheriff***

 For the purposes of this appeal, the Sheriff admits that the plaintiffs have established a *McDonnell Douglas* prima facie case. Under *Burdine, supra,* the burden then shifts to the Sheriff to articulate a legitimate, non-discriminatory reason for not promoting the plaintiffs. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. The plaintiffs then may prove, by the preponderance of evidence, that the proffered reason was pretextual. *Id.*

The Sheriff stated that he was entitled to promote anyone on the certification list and that he thought that the individual's rank on the tests was not the most relevant indicator of the individual's qualifications. The Sheriff testified that he attempted to review several characteristics in making his decision and that race and gender played a small role in his decision-making process. Moreover, he testified about each of the minorities or women who were promoted, and he pointed out reasons for promoting each of the individuals instead of the plaintiffs. The district court concluded that race and gender were not dispositive factors.

 The plaintiffs argue that the district court's finding that race and gender was not a dispositive factor is clearly erroneous. The plaintiffs argue that they were not promoted despite their high test scores [2] and lack of demerits.[3] The plaintiffs also note that a higher proportion of minorities and women were promoted than white men, and note that the Sheriff admit-

---

1. The plaintiffs are also appealing two other aspects of the district court's grant of summary judgment in favor of the Personnel Board. The district court granted summary judgment in favor of the Personnel Board on the Title VII suit because the plaintiffs did not bring the complaint to the EEOC until after the Personnel Board had filed for summary judgment and by then the 180–day statute of limitation had passed. Failure to file a timely complaint with the EEOC mandates the dismissal of the Title VII suit. *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

 The district court also granted summary judgment in favor of the Board members in their individual capacity on the basis of qualified immunity. Officials are entitled to qualified immunity if "a reasonable official could have believed his actions were lawful in light of clearly established law." *Herren v. Bowyer*, 850 F.2d 1543, 1545–46 (11th Cir.1988). It is undisputed that the Personnel Board members acted pursuant to a consent decree approved by a district judge. Thus, summary judgment was warranted.

2. There is nothing in the record suggesting that the test scores play any role other than narrowing the field of applicants for certification purposes.

3. The plaintiffs note that Deputy Smoke, a male African–American, received a serious demerit, but nonetheless was promoted. The Sheriff notes, however, that Smoke was a department hero for singlehandedly defusing a riot in a nightclub.

ted that race was a factor. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). While both the plaintiffs and the Sheriff can find support in the record for their positions, our job is not to sit as a finder of fact. While the question of fact may be disputable, the finding by the district court is not clearly erroneous.

The plaintiffs argue in the alternative that any consideration of race or gender by the Sheriff is illegitimate. The Supreme Court, however, in *Johnson v. Transportation Agency*, 480 U.S. 616, 641–42, 107 S.Ct. 1442, 1456–57, 94 L.Ed.2d 615 (1987), held that it was "appropriate [to take] into account as one factor the sex of [the promoted individual] in determining that she should be promoted.... The decision to do so was made pursuant to an affirmative action plan that represents a moderate, flexible, case by case approach...." [4]

### C. *The County*

Finally, the plaintiffs appeal the district court's grant of summary judgment in favor of the County. At the outset of the litigation, the plaintiffs stipulated that the validity of the consent agreement was not at issue; only the interpretation and application of the consent agreement was at issue. Such a stipulation is binding on the plaintiffs in this Court. *See Feazell v. Tropicana Products, Inc.*, 819 F.2d 1036 (11th Cir.1987). The moving party, the County, has put into evidence sufficient proof that it had absolutely nothing to do with the application of the consent agreement. The non-moving party has not rebutted this evidence. The absence of any dispute over a material fact permits the entry of summary judgment. The district court was correct to award judgment to the defendants on this record.

### III. CONCLUSION

We AFFIRM the court below.

---

4. The plaintiffs also raise two other issues relevant to Sheriff Bailey. First, the plaintiffs complain that they were denied a jury trial. The plaintiffs did not object to the district court's decision to conduct a bench trial and therefore this issue is not preserved for appeal. *Southland Reship, Inc. v. Flegel*, 534 F.2d 639 (5th Cir.1976). Also, section 1983 injunctive and declaratory relief is not triable by jury. *Sullivan v. School Board*, 773 F.2d 1182 (11th Cir.1985).

Second, the plaintiffs complain that the district court granted partial summary judgment to Sheriff Bailey on the section 1983 claim for monetary damages. The district court properly found that the Eleventh Amendment bars this claim. *See Free v. Granger*, 887 F.2d 1552 (11th Cir.1989) (holding that Alabama Sheriffs cannot be sued for monetary damages).