United States Court of Appeals,

Eleventh Circuit.

No. 95-8809.

Jody SHEALY, Ricky Dudley, Terry Cook, Ronald Rowe, Ted Barton, Intervenors-Appellants,

v.

The CITY OF ALBANY, GEORGIA, a municipal corporation, et al., Defendants-Appellees.

July 31, 1996.

Appeal from the United States District Court for the Middle District of Georgia. (No. 1200), Wilbur D. Owens, Jr., Judge.

Before KRAVITCH and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Five white firefighters intervened in this decades-old civil rights action against the City of Albany, Georgia claiming reverse discrimination in the promotion of a black to the position of battalion chief. The district court held an evidentiary hearing after which it denied the white firefighters any relief. This appeal ensued. For the following reasons, we vacate a portion of the district court's order and remand for further proceedings.

I. Background

This class action was instituted on August 31, 1972, against the City of Albany under 42 U.S.C. § 1981 and § 1983 and the Fourteenth Amendment to the United States Constitution alleging a pattern or practice of racial discrimination in hiring, promotion, assignment and various other employment practices. On September 2, 1976, the district court for the Middle District of Georgia, Albany Division, entered a permanent injunction enjoining the City of

Albany (City) from such practices and mandating equal employment opportunities. To this end, the court required that the City undertake many affirmative actions designed to achieve "a work force in which the proportion of total black employees to total white employees viewed (a) overall, (b) by job classification and description, (c) by department, and (d) by rate of pay is at least equal to the proportion of blacks to whites in the working age population as shown by the most recent Albany, Georgia Standard Metropolitan Area reports of the Bureau of the Census."

In February of 1994, from a pool of six applicants, the Fire Chief promoted a black applicant to the position of battalion chief in the City's Fire Department. The five non-selected applicants are white. In December of 1994, the white applicants filed a "Motion of Prospective Plaintiffs For Intervention."[1] The

---

[1]Paragraph 11 of the 1976 Permanent Injunction provides:

> Any person who believes that he has been discriminated against on account of race or that the provisions of this order have been violated, may file a written complaint with the Central Employment Office. The Central Employment Office shall investigate the complaint and seek to resolve it.... If the complaining party is not satisfied with the results as contained in the report, he or she may, within sixty (60) days of the date of receipt of the report, file a motion with the clerk of this court to have the court determine the matter. The clerk shall cause a copy of the motion to be mailed to the defendants, who shall respond to it within ten (10) days. The clerk shall then refer the motion and the response to the court. Proceedings shall thereafter be in accordance with the Federal Rules of Civil Procedure.

In its subsequent order denying relief to the white applicants, the court stated that it was considering their complaint under Paragraph 11, as a complaint of persons who believe they have been discriminated against on account of

intervenors sought broad relief, including the dissolution of the 1976 permanent injunction, the setting aside of the complained of promotion, and the re-opening of the selection process.[2]

There was some initial briefing regarding the intervention, and on May 22, 1995, the district court held an evidentiary hearing. The Fire Chief, who is black, testified as to the subjective process he used in selecting the successful applicant for promotion. The district court limited cross-examination of the Chief. The five unsuccessful applicants then sought to testify regarding the superiority of their qualifications over those of the selected applicant for the promotion in question. The district court declined to hear that testimony, but indicated that, if subsequently filed, the court would review the personnel files of the white applicants to determine their qualifications relevant to the successful applicant.

Approximately two hours later, and prior to the filing of the personnel files, the court ruled that there was no evidence of racial animus in the selection of the black applicant who was promoted.[3]

## II. Analysis

In reverse discrimination suits, plaintiffs must establish a

---

race.

[2]The district court did dissolve the permanent injunction, holding that equal opportunity in employment practices by the City of Albany had been achieved. Neither party appeals this decision.

[3]The court stated: "In the court's best judgment, there is no evidence to support a claim of racial animus on the part of the Fire Chief, who is the one who made the selection."

*McDonnell Douglas* prima facie case. *Wilson v. Bailey,* 934 F.2d 301, 304 (11th Cir.1991). The test requires a reverse discrimination plaintiff to prove:

1) that he belongs to a class;

(2) that he applied for and was qualified for a job;

(3) that he was rejected for the job; and

(4) that the job was filled by a minority group member or a woman.

*Id. See generally McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Although subjective promotion criteria are not discriminatory per se, neither may they be used to disguise an impermissible race-based selection. *Hill v. Seaboard Coast Line R. Co.,* 767 F.2d 771, 775 (11th Cir.1985). Subjective criteria tend to facilitate the consideration of impermissible criteria such as race. *Roberts v. Gadsden Memorial Hospital,* 835 F.2d 793, 798 (11th Cir.1988). Where it is alleged that a race-based promotion decision has been made, proof of intent to discriminate racially is necessary. *Hill,* 767 F.2d at 773. Of course, direct evidence of intent is often unavailable and a circumstantial case may be proven. *Cooper-Houston v. Southern Ry. Co.,* 37 F.3d 603, 605 (11th Cir.1994).

Intervenors in this case were not permitted to present evidence at the May 22nd hearing on the issue of the Fire Chief's intent to racially discriminate in the selection of a new battalion chief.[4] Intervenors' attempt to testify regarding their

---

[4]A review of the docket reveals that there was no motion to dismiss or for summary judgment filed by either party. Plaintiffs, therefore, apparently had no opportunity to file supporting evidentiary materials.

qualifications and introduce evidence comparing their qualifications to those of the successful applicant was cut off by the district court.

In refusing the evidence, the district judge made a plea for Fire Department collegiality, saying:

> The Court has permitted you to examine the individuals who were involved in the hiring decision, but it declines your suggestion that now the person selected be examined in this Court or the persons not selected be examined. As I have already suggested, all of these people are going to have to work together after this hearing is concluded. This Court is not a forum to permit squabbles within public agencies as to who has already been promoted, and the propriety as between those people....

While aspirational, this is (1) not sufficient reason to deny the presentation of admissible evidence; and (2) to no avail, the complaint having been lodged with its inherent, and unavoidable, disharmony.

We review the district court's exclusion of intervenors' evidence for an abuse of discretion. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 955 F.2d 1467, 1476 (11th Cir.1992), *cert. denied,* 506 U.S. 1049, 113 S.Ct. 966, 122 L.Ed.2d 122 (1993). A district court evidentiary ruling is not disturbed unless there is a clear showing of abuse of discretion. *U.S. Anchor Mfg., Inc. v. Rule Indus., Inc.,* 7 F.3d 986, 993 (11th Cir.1993). In this case, however, we are convinced there was such an abuse of discretion.

In denying intervenors relief, the district court said there was "no evidence" of racial animus in the selection of the successful applicant. If, indeed, there had been no evidence, it would have been because the intervenors were not permitted to

introduce any.[5]

The intervenors were effectively denied the opportunity to make out and support a prima facie case by the district court's refusal to allow them to testify regarding their qualifications or to review their personnel files as promised. Such testimony may have raised an inference of intentional discrimination which the City would have had to rebut.[6] *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825. While we express no views on the merits of their claim, or of the strength of the evidence they sought to introduce, intervenors must be allowed the opportunity to make out their prima facie case.[7]

---

[5]There was some evidence introduced which the district court might have found supported the claim of discrimination. Two Assistant Fire Chiefs testified that the Fire Chief asked them to give their opinions as to which applicant should be promoted, but to consider only the two black applicants. There was also some testimony by the Fire Chief, himself, regarding the relative qualifications of the black and white applicants.

[6]The proffered evidence, as well as that referred to in footnote 5, dealt with the relative qualifications of the several applicants. Insofar as this evidence might have supported an argument that the Fire Chief made a mistake and failed to select the best qualified, the evidence has no value. The district judge does not sit as a sort of "super personnel officer" of the City or its fire department, correcting what the judge perceives to be poor personnel decisions. *See Roberts,* 835 F.2d at 802-03 (Hill, J., specially concurring). However, insofar as evidence of relative qualifications of the applicants amounts to circumstantial evidence of intent to discriminate on the part of the Fire Chief, if, indeed, it does so, that evidence must be received and considered before a finding can be made as to the Fire Chief's intentions. *See Wilson,* 934 F.2d at 304.

[7]Although this case has been effectively terminated by the dissolution of the permanent injunction, plaintiffs were allowed to intervene prior to that dissolution. Therefore, their claims must be resolved within the context of this case prior to its being dismissed. Furthermore, we express no opinion on the effect of the permanent injunction on the permissibility of a race-based promotion.

Accordingly, we vacate that portion of the district court's order which denies any relief to intervenors[8] and remand for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.

---

[8]We do not vacate that portion of the district court order that dissolves the permanent injunction.