116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John A. TEEHEE, Plaintff-Appellant,
v.
BOARD OF EDUCATION, State of Hawaii, Vivian Mark, officially
as agent, Joseph Theroux, officially as agent, Nadeen Cory,
officially as agent, Nanette Hiraoka, officially as agent,
Defendants-Appellees.
 No. 96-15072.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997**
June 10, 1997.
 
 1
 Appeal from the United States District Court for the District of Hawaii, V. D.C. No. CV-94-00881-HG; Helen Gillmor, District Judge, Presiding.
 
 
 2
 Before NORRIS, HALL, and TASHIMA, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 John A. Teehee appeals from an order granting summary judgment in favor of the Board of Education and granting the other defendants' motion to dismiss for lack of service. Teehee's complaint alleged that the Board of Education and its agents discriminated against him on the basis of his race (white), in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e to e-17) and 42 U.S.C. § 1981. The district court first held that Teehee failed to serve the individual defendants as required by Fed.R.Civ.P. 4.[1] The district court then held that Teehee failed to establish a prima facie case of discrimination as is required by both Title VII and § 1981. See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989). We find that no genuine issues of material fact exist and that the district court correctly applied the law. We therefore affirm.
 
 FACTS
 
 5
 In April of 1993, the Office of Personnel Services of the Department of Education, State of Hawaii, published a statewide Transfer Program Posting inviting "[t]enured certificated employees wishing to transfer to vacancies" described in an attached list to submit an application to the principal of the school with the opening. Tenured applicants were encouraged to attach to their application "any additional information (letters of reference, resumes, copies of certificates, teacher evaluation, etc.) that they believe[d would] further enlighten the principal as to their full qualifications." The posting also stated that "[i]f there are no qualified tenured applicants responding to this announcement at the close of the posting period, these positions will immediately be made available for the hiring or rehiring of non-tenured employees."
 
 
 6
 Teehee applied for an Industrial Arts/Agriculture teaching position at Keaau Elementary and Intermediate School which was listed on the posting. Teehee's application indicated his tenured status and his teaching certification in Secondary Education Industrial Arts Woodworking/Crafts/Metals. Teehee was the only tenured applicant for the position. By Hawaii Department of Education rules, as long as the school's selection committee was satisfied that Teehee was qualified to teach the relevant subject areas, he would be offered the position.
 
 
 7
 Teehee was interviewed by a selection committee from Keaau that consisted of Vivian Mark, Joseph Theroux, and Nadeen Cory. The three committee members unanimously concluded that Teehee was unqualified for the position. The panel noted that Teehee was not certificated in agriculture, nor did it believe that he possessed equivalent work experience in the subject. The panel's recommendation was forwarded to Nanette Hiraoka, then the principal of Keaau. Hiraoka agreed with the committee that Teehee was not qualified. Teehee's application was consequently rejected.
 
 
 8
 Given the absence of tenured applicants who satisfied the minimum qualifications, the District Personnel Specialist subsequently retained Todd Nishimura in the teaching position. This procedure was clearly laid out in the posting for the vacant position. Nishimura was non-tenured but he had been teaching in the vacant position, as a probationary teacher, since the second half of the 1991-92 school year and during all of the 1992-93 school year.
 
 I.
 
 9
 Title VII of the Civil Rights Act of 1964 provides, in relevant part:
 
 
 10
 It shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.
 
 
 11
 42 U.S.C. § 2000e-2(a)(1).
 
 
 12
 In McDonnell Doualas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court established a mechanism for determining whether intentional discrimination occurred. The plaintiff must first establish, by a preponderance of the evidence, a prima facie case of racial discrimination. Texas Dep't of Community Affairs v. Burdie,450 U.S. 248, 252-53 (1981). This burden is not onerous. Id. at 253. The model for establishing a prima facie case was set forth in McDonnell Douglas:
 
 
 13
 [A plaintiff must show] (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 
 
 14
 McDonnell Douglas, 411 U.S. at 802.[2] The Court left open the possibility that plaintiffs may offer prima facie proof of racial discrimination in a different manner in differing factual situations. Id. at 802 n. 13. See also Burdine, 450 U.S. at 253 ("The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.").
 
 
 15
 The district court correctly ruled that Teehee failed to satisfy the second McDonnell Douglas element. The Transfer Program Posting which advertised the vacancy clearly spelled out the necessary qualifications. It invited "certificated employees" to submit an application to the listed school. (emphasis added). Principal Hiraoka testified that the school would accept an applicant who possessed either teaching certification or equivalent work experience. Although Teehee was certificated to teach industrial arts and had experience teaching special education, he was not certificated to teach agriculture.
 
 
 16
 Nor did Teehee demonstrate to the selection committee, in either his application or his interview, that he possessed equivalent work experience in the field of agriculture.[3] In his deposition, Teehee admitted that his application made no reference to agriculture. Although Teehee's application included his experience as a "volunteer maintenance director" at a school in Egypt, the selection committee had no indication that the position involved agriculture. The title of the job does not suggest agricultural work and, given Teehee's background in industrial arts, the position suggests mechanical work, rather than agricultural work. Teehee also testified that he had an opportunity at his interview to expand on his agricultural experience. In the interview, however, Teehee admitted that he did not know much about agriculture and the only experience he mentioned was a personal garden at home. Teehee failed to show he was qualified to teach agriculture and therefore failed to establish a McDonnell Douglas prima facie case of discrimination.
 
 II.
 
 17
 Teehee argues that he may establish a prima facie case of discrimination by showing that he possessed qualifications superior to those of Nishimura, the successful applicant. In Harding v. Gray, 9 F.3d 150, 153 (D.C.Cir.1993), the D.C. Circuit allowed a reverse-discrimination plaintiff to base his prima facie case entirely upon a showing of superior qualifications. That court stated that, at the summary judgment stage, the plaintiff bears the burden of showing that there is a genuine issue of material fact on the issue of superior qualifications. Id. at 154. The court then remanded for the district court to reach the issue of superior qualifications, rather than equal qualifications. Id. No other circuit has adopted this approach.
 
 
 18
 Harding is inapplicable to the facts of this case, however, so we defer ruling on whether we adopt its reasoning. The D.C. Circuit reasoned that hiring an applicant with inferior qualifications raises an inference of discrimination because such a decision is irrational. Id. In this case, however, no single decisionmaker made the decision to turn down an applicant in favor of an arguably less-qualified applicant. The school's selection panel rejected Teehee's application, but the District Personnel Specialist hired Nishimura after Teehee was no longer being considered. No inference of discrimination may be made because no single entity was presented with the choice between Teehee and Nishimura.
 
 III.
 
 19
 Teehee also contends that he may establish a prima facie case of discrimination regardless of his apparent lack of qualifications. In Schnidria v. Columbia Machine, Inc., 80 F.3d 1406, 1410 (9th Cir.), cert. denied, 117 S.Ct. 295 (1996), we held that when a plaintiff bases his prima facie case on direct evidence of discriminatory intent, his "qualifications are irrelevant to the existence of the prima facie case of discrimination." In Schnidrig, the plaintiff offered direct evidence of discriminatory motives by introducing statements made by directors and notes taken during board meetings. Id. at 1409-10.
 
 
 20
 Teehee is unable to offer any direct evidence of discriminatory motives on behalf of the Board of Education or its agents. The only concrete example of discrimination offered by Teehee is that he was subjected to an interview and Nishimura was hired without an interview.[4] Teehee contends that the Board of Education should have used a single process in selecting a teacher. The Hawaii Department of Education established procedures designed to ensure that tenured teachers like Teehee are interviewed and get the first shot at any teaching vacancy so long as they are qualified. The District Personnel Specialist may select a non-tenured teacher, with or without an interview, only if no tenured applicant is qualified for the position. Teehee does not contest that those established procedures were followed here. The separate process for non-tenured teachers preexisted Teehee's application for the teaching vacancy and Teehee has not contended the process was selected because of race. Teehee's failure to do so defeats his claim. Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir.1988) ("A plaintiff must show that an employer chose the particular policy because of its effect on members of a protected class.").
 
 
 21
 The district court's order is AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even though the court dismissed without prejudice the claims against the individual defendants, it noted that permitting proper service would be a pointless exercise because it also held that Teehee's discrimination claims were without merit. Because we affirm that holding, Teehee's appeal of the order dismissing for lack of service is rendered moot
 
 
 [2]
 In a reverse discrimination case like this one where the plaintiff is a white male, the traditional McDonnell Douglas elements are not applicable. In lieu of the first requirement, some circuits have required a heightened standard for establishing a prima facie case. Those circuits require a plaintiff to proffer "background circumstances [that] support the suspicion that the defendant is that unusual employer who discriminates against the majority." Parker v. Baltimore & Ohio R.R., 652 F.2d 1012, 1017 (D.C.Cir.1981). See also Notari v. Denver Water Dep't, 971 F.2d 585, 588-89 (10th Cir.1992); Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 67 (6th Cir.1985). Instead of requiring a plaintiff to show that he belongs to a racial minority, other circuits merely require a plaintiff to show that he "belongs to a class." See, e.g., Wilson v. Bailey, 934 F.2d 301, 304 (11th Cir.1991). The Supreme Court has not addressed whether the prima facie showing must be modified in a reverse discrimination case, nor have we. See Lemnitzer v. Phillippine Airlines, Inc., 816 F.Supp. 1441, 1447 (N.D.Cal.1992), aff'd in part and rev'd in part, 52 F.3d 333 (9th Cir.1995) (Table). We decline to address the issue here either. Teehee has failed to satisfy other elements of the McDonnell Douglas paradigm, therefore whether he satisfied the first element is irrelevant
 
 
 [3]
 Attached to Teehee's response to the summary judgment motion was a declaration citing evidence of work experience in agriculture that was not divulged to the selection committee. The district court correctly disregarded this evidence. The purpose of Title VII is to uncover intentional discrimination. The relevant question is whether the employer refused to hire an applicant whom the employer knew to be qualified. Therefore, only the information presented to the employer before the hiring decision is relevant. See McKennon v. Nashville Banner Publ'g Co., 115 S.Ct. 879, 883-84 (1995)
 
 
 [4]
 Teehee testified that one of the members of the selection committee manifested her discriminatory intent in her deposition. Nadeen Cory testified that she thought the school's eighth graders would give him a "real hard time ... [d]iscipline-wise." Because most of the Keaau students are not white, Teehee felt that statement implied that she was saying "a white person could not control the antics of a largely non-white bunch of eighth graders." That interpretation is baseless speculation. No underlying racial meaning can be implied from the statement; eighth graders are notoriously difficult to control. See. e.g., Welcome to the Dollhouse (Miramax 1996)