United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3432

_____

PACCAR Financial Corporation,    *
                                  *
         Appellee,                 *
                                  *    Appeal from the United States
      v.                        *    District Court for the
                                  *    Western District of Missouri.
Daniel A. Mackey, Glenn Garrett,  *
                                  *
        Appellants.           *

_____

Submitted: June 11, 1997

Filed: September 4, 1997
_____

Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEEZER,[1] Circuit Judge.

_____

WOLLMAN, Circuit Judge.

_____

[1]The HONORABLE ROBERT R. BEEZER, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Glen Garrett and Daniel Mackey appeal from the district court's[2] judgment awarding PACCAR Financial Corp. (PACCAR) deficiency judgments against Garrett and Mackey following the sale of repossessed collateral. We affirm.

**I.**

PACCAR entered into six equipment lease agreements with Southwest Missouri Transit, Inc. (Southwest), a Missouri trucking company. Mackey and Garrett were joint guarantors under three of the leases, and Mackey alone was guarantor for the three other leases. In October of 1991, Southwest filed for bankruptcy and defaulted on the lease agreements with PACCAR. The bankruptcy court ordered Southwest to return to PACCAR twenty-four pieces of leased equipment (two trailers and twenty-two Peterbilt trucks). PACCAR held private sales of some of the equipment and a public sale of the remaining equipment.

PACCAR filed suit in district court to recover the deficiency between the amount obtained from the sales and the amounts still owing on the leases. Garrett and Mackey alleged that the sales were not commercially reasonable because PACCAR insufficiently advertised some of the sales and refused to accept a higher bid on some of the equipment. The court granted partial summary judgment in favor of PACCAR on the issue of liability. Prior to trial, the parties stipulated that the total amount of the deficiency on all six leases was $413,986.33. The parties also stipulated as to the issues to be resolved by the court:

> The parties stipulate and agree that [sic] following legal issues remain to be decided by the Court:

---

[2]The Honorable John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri, before whom the case was tried by consent of the parties pursuant to 28 U.S.C. § 636(c).

1. Was the advertisement of the sale of the nine 1987 Peterbilt trucks commercially unreasonable?

2. Was the sale of the ten of [sic] 1989 Peterbilts, Model 379, commercially unreasonable because plaintiff [PACCAR] allegedly failed to accept an alleged offer of $45,000 per truck?

3. If the sales were commercially unreasonable, should plaintiff be denied the entire deficiency, or should plaintiff be awarded a partial deficiency?

The court adopted the parties' stipulation of facts, concluded that PACCAR's efforts in selling the collateral were commercially reasonable, and entered judgment in favor of PACCAR in the amount of $69,483 against Garrett and Mackey, jointly and severally, and against Mackey for $344,503.33.

## II.

Garrett and Mackey contest the deficiencies entered against them as to four of the six leases. They argue for the first time on appeal that they were not provided adequate notice of the sales. Having failed to include this issue as a part of the stipulation, Garrett and Mackey may not now raise it on appeal. See In re Texas Gen. Petroleum Corp., 52 F.3d 1330, 1337 n. 9 (5th Cir. 1995) (stipulation as to issues to be decided by the trial court binds the parties on appeal); Wilson v. Bailey, 934 F.2d 301, 305 (11th Cir. 1991) (same).[3]

Garrett and Mackey also contend that the sales were not commercially reasonable because PACCAR inadequately advertised the sales and failed to accept a higher bid on some of the equipment. In this diversity action, we apply Missouri law. See Erie R. Co. v. Thompkins, 304 U.S. 64, 78 (1938). Every aspect of the sale of collateral "including the method, manner, time, place and terms must be commercially

---

[3]We note that present counsel did not represent Garrett and Mackey during the proceedings in the district court.

reasonable." Mo. Ann. Stat. § 400.9-504 (West 1994). Whether the sales were commercially reasonable is a question of fact. See Commercial Credit Equip. v. Parsons, 820 S.W.2d 315, 322 (Mo. Ct. App. 1991). We review such findings of fact for clear error, see City Nat'l Bank v. Unique Structures, Inc., 49 F.3d 1330, 1333 (8th Cir. 1995), a standard of review that is equally applicable to findings entered on a stipulation. See SMP Sales Management, Inc. v. Fleet Credit Corp., 960 F.2d 557, 559 (5th Cir. 1992) ("The trial court's findings based on depositions and stipulations are entitled to the same standard of review that they would receive if based on oral, courtroom testimony."). See also Sawyer v. Swift and Co., 836 F.2d 1257, 1259 (10th Cir. 1988) ("[T]he clearly erroneous standard apples to all cases where the trial court makes findings of fact.").

The district court concluded that PACCAR's methods of advertising the sales were commercially reasonable, finding that PACCAR had advertised the sales in the Joplin Globe, which the court described as a "large newspaper in the southwest Missouri area," had posted notices of the sales at the truck dealership where the trucks were maintained, and had sent facsimile notices of the sales to more than 300 other dealerships across the country. The district court also held that the sales were not commercially unreasonable simply because a higher price might have been obtained for some of the equipment. Based on the facts before us, we cannot say that these conclusions are clearly erroneous. See Jefferson Bank and Trust Co. v. Horst, 599 S.W.2d 201, 204 (Mo. Ct. App. 1980) (rejecting debtor's contention that sale was not commercially reasonable because the creditor obtained only one bid and did not advertise the sale, and concluding that "'the fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner.' [Mo. Ann. Stat.] § 400.9-507(2)").

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.