[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 7, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-13569
Non-Argument Calendar

_____

D. C. Docket No. 03-01141-CV-CAP-1

JAMES R. DOCKERY,

Plaintiff-Appellant,

versus

JIM NICHOLSON,
Secretary, Department of Veterans Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 7, 2006)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

James R. Dockery, a white male with a leg impairment, appeals the grant of

summary judgment in favor of the Department of Veterans Affairs ('VA") in his

pro se action alleging employment discrimination and hostile work environment,

brought under Title VII, 42 U.S.C. § 2000e-16; and the Rehabilitation Act, 29

U.S.C. § 791.  On appeal, Dockery, pro se, argues that the district court ignored

evidence presented by him in discovery and that the VA was not entitled to

summary judgment.   We affirm the judgment of the district court.

In September 1998, Dockery was hired by the VA as a loan specialist in the

home loan office for a one-year probationary period.[1]  In January 1999, Dockery

resigned after the VA presented him with a letter proposing his termination.  While

Dockery was employed at the VA, the office was moving to a new location and as

a result employees were involved with moving and assembling furniture.  Dockery

suffered from severe pain in his upper leg and groin and his doctor provided the

VA human resources office with a letter listing certain physical activities that

Dockery should not perform.

He contends that Carolyn Anderson, his supervisor, ignored the severity of

his injury by requiring him to move and assemble furniture.   He further claims

that,  contrary to Anderson's EEOC testimony, furniture assembly continued for

more than two weeks and that he had to spend more time than the other employees

---

[1]     The VA and Dockery dispute whether he was hired on September 27 or 28 of 1998.
This factual dispute is immaterial for the purposes of this holding.

2

assembling furniture.  In addition, Dockery alleges instances of malicious behavior on Anderson's part such as: pulling Dockery to the floor by his wrist when he complained about the furniture moving and assembly; and making demeaning statements about his pain.  He contends that Anderson, who is of Black and Hispanic descent,  subjected him to such treatment in part because of his race.

Thus, he argues, the district court erred when it found that he did not establish a prima facie case for either his hostile work environment claim or his employment discrimination claim.

I.

We review a district court's grant of summary judgment de novo.  Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).  We construe the facts and draw all reasonable inferences in the light most favorable to the non-moving party.  HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001).  Fed.R.Civ.P. 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be

enough of a showing that the jury could reasonably find for that party." Walker v.

Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). When faced with a "properly

supported motion for summary judgment, [the nonmoving party] must come

forward with specific factual evidence, presenting more than mere allegations."

Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).[2]

## A. Discrimination

Title VII makes it an unlawful employment practice for an employer to

discharge any individual because of his race. See Bass v. Board of County Com'rs,

Orange County, Fla., 256 F.3d 1095, 1103 (11th Cir. 2001); see also 42 U.S.C.

§ 2000e-2(a). "In reverse discrimination suits, plaintiffs must establish . . . :

[(]1) that he belongs to a class; (2) that he applied for and was qualified for a job;

(3) that he was rejected for the job; and (4) that the job was filled by a minority

group member." Shealy v. City of Albany, 89 F.3d 804, 805 (11th Cir. 1996).

The United States is not an employer within the meaning of the ADA. 42

U.S.C. § 12111(5)(B)(i). The United States, therefore, is not a covered entity

under the ADA. 42 U.S.C. § 12111(2). Accordingly, the Secretary of the VA may

---

[2]We note that the district court found that Dockery failed to properly cite to evidence in the record to support his position and granted summary judgment, in part, for this reason. Although the VA urges us to affirm for this reason, we decline to do so because it is not necessary in light of Dockery's failure, in any event, to present evidence sufficient to create a genuine issue of material fact under Rule 56.

not be held liable for a violation of the ADA.  The Secretary could, however, be held liable under the Rehabilitation Act.  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. Cir. 200).  We have observed that the Rehabilitation Act expressly adopts the same liability standards as the ADA, and, therefore, whether the Secretary would be liable under the ADA is relevant to Dockery's Rehabilitation Act claim.  See 29 U.S.C. § 791(g); Mullins, 228 F.3d at 1313.

The Supreme Court uses the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to evaluate claims of indirect evidence of discrimination in employment actions.  See also Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir. 2004) (applying the McDonnell Douglas burden-shifting test to a disability claim).  First, the plaintiff carries the burden of establishing a prima facie case of discrimination.  McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. at 1824.  "Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action."  Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001).  Once the employer proffers a legitimate, non-discriminatory reason, in order to survive summary judgment, the employee must "proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the

defendant employer's articulated reasons [are] pretextual." Chapman v. AI Transport, 229 F.3d 1012, 1024-25 (11th Cir. 2000). "The ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct remains on the plaintiff." Pennington, 261 F.3d at 1266.

To establish the defendant's proffered reason is pretextual, the "plaintiff must show "both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 512 n.4, 113 S.Ct. 2742, 2750 n.4, 125 L.Ed.2d 407 (1993). "[T]he factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not compel judgment for the plaintiff." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 146, 120 S.Ct. 2097, 2108, 147 L.Ed.2d 105 (2000) (emphasis in original). The Reeves court noted that "the factfinder must believe the plaintiff's explanation of intentional discrimination," but "it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation. . . . together with the elements of the prima facie case, suffice to show intentional discrimination." Reeves, 530 U.S. at 147, 120 S.Ct. at 2108.

Upon review of the record, and consideration of the parties' briefs, we find no reversible error. Even assuming arguendo that Dockery established a prima

6

facie case for either race or disability discrimination, we find that he did not show that the non-discriminatory reason proffered by the VA – his questionable workplace temperament – was false.

We note that while Dockery alleges that Anderson mistreated him to force him to leave the VA, the evidence reveals that she did not ultimately decide to terminate him, and, in fact, merely recommended a reprimand. Instead, Anderson's superiors decided to terminate his employment because his unprofessional conduct at the workplace. As the record shows, colleagues, veterans and financial institutions all complained to Anderson that he would often behave in an excessively emotional and occasionally aggressive manner toward them. Such behavior persisted even though Anderson had previously admonished Dockery for his conduct. Dockery offers no evidence that this behavior did not occur.

Therefore, Dockery failed to present or cite to sufficient evidence to show that the VA's legitimate, non-discriminatory reason for his termination was pretextual, and, accordingly, we affirm.

## B. Hostile Work Environment

The employee has the burden of proving a hostile work environment. Edwards v. Wallace Cmty. College, 49 F.3d 1517, 1521 (11th Cir. 1995). To

establish a prima facie case for a hostile work environment claim, a plaintiff must demonstrate that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment under a theory of either direct or vicarious liability. Miller v. Kenworth of Dothan, 277 F.3d 1269, 1275 (11th Cir. 2002). The employee should present concrete evidence in the form of specific facts, not just conclusory allegations and assertions. See Earley v. Champion Internat'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).

Establishing that the harassing conduct was sufficiently severe or pervasive to alter the terms and conditions of employment has subjective and objective components. Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc). The employee must personally perceive the harassment as severe or pervasive. Id. Additionally, the environment must be one that a reasonable person in the employee's position would find hostile or abusive. Id. Four factors are important in analyzing whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or

8

humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with the employee's job performance. Id. Courts must consider the alleged conduct in context and cumulatively, looking at the totality of the circumstances. Id. at 1242. Teasing, offhand comments, and isolated incidents (unless extreme) will not amount to discriminatory changes in the terms and conditions of employment. Id. at 1245.

Upon review of the record, and consideration of Dockery's brief, we find no reversible error. As an initial matter, although the district court: (1) assumed, implicitly, that Dockery belonged to a protected group, had been subjected to unwelcome harassment based on a protected characteristic, and that the VA was responsible for his environment; and (2) did not specifically address the Mendoza factors with respect to the severity of Anderson's conduct, an examination of the record indicates that summary judgment was proper.

Evidence supported an inference that: (1) furniture assembly was required, and Dockery spent more time at it than some other employees; (2) Anderson grabbed his arm at one point; (3) Anderson wanted to get rid of him; and (4) Anderson made demeaning comments to him regarding his disability. There is no indication how these occurrences interfered with Dockery's job performance, if at all. The evidence also makes clear that, on several occasions, Anderson

9

immediately made adjustments to Dockery's work space to accommodate his leg impairment. Looking at the totality of the circumstances, we find that Dockery's allegations, even if true, do not meet this Circuit's standards for establishing the existence of a hostile work environment that was sufficiently severe or persuasive to alter the terms and conditions of plaintiff's employment.

Because Dockery has offered no evidence to suggest that the VA's proffered reason for his termination is pretextual and because he has not raised a genuine issue of material fact concerning his hostile work environment claim, we affirm the decision of the district court.

**AFFIRMED.**[3]

---

[3] Dockery's motion to file a reply brief out of time is **DENIED.**