[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2007
THOMAS K. KAHN
CLERK

No. 05-15878
Non-Argument Calendar

_____

D. C. Docket No. 03-00112-CV-CAR-5

RONALD DAVIS,

Plaintiff-Appellant,

versus

FAIRFIELD INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 20, 2007)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In this diversity action arising out of a disability insurance policy, Ronald

Davis appeals, <u>pro se</u>, the district court's judgment in favor of Fairfield Insurance Company ("Fairfield"). After review, we affirm.

## I. BACKGROUND

Davis, who was represented by counsel at the time, filed this action against Fairfield alleging that Fairfield wrongfully refused to pay him income disability benefits after he was injured in an accident while working as a truck driver. Although Davis's complaint included a jury demand, Davis's counsel verbally stipulated to a bench trial during a pre-trial conference.

Trial was set for October 5, 2004. Prior to that date, Davis's counsel filed a motion to withdraw, which the district court granted. The district court continued Davis's case so that Davis could obtain new counsel. On May 19, 2005, Davis's new counsel entered an appearance and subsequently requested a continuance to prepare for trial. The district court gave the continuance, calendaring the bench trial for July 18, 2005. At a pre-trial conference on July 5, 2005, Davis's counsel gave no indication that he needed additional time or was not ready for trial.

On July 18, 2005, the district court conducted a bench trial, after which it entered judgment in favor of Fairfield. In its order finding in favor of Fairfield, the district court, <u>inter alia</u>, found Davis's testimony about his injury and his alleged disability not credible. The district court cited "a combination of what Plaintiff

2

failed to prove at trial, his significant medical history that he tried to cover up, his confusing testimony at trial about his medical problems, and, most important, his testimony under oath in an unrelated case in which he claimed permanent disability from the acts of the City of Forsyth, which allegedly caused a sewerage [sic] to back up in his home." The district court detailed the failures of proof that undermined Davis's testimony, including lack of evidence about the force of impact that caused his injuries, such as photographs, the lack of medical treatment right after the accident or later, and the presence of documented pre-existing medical conditions with similar symptoms.

The district court also noted that Davis had testified at trial that he sometimes got confused from the effects of the sewage backup in his home. The district court observed that Davis had demonstrated at trial "confusion about his medical history, his medical complaints allegedly arising from the accident in this case, and the treatment he received," and concluded that this confusion added to Davis's credibility problems.

However, the district court found that Davis's "chief credibility problem" was due to his contradictory testimony in the unrelated lawsuit, in which Davis testified that he was completely disabled as a result of the sewage back up. The district court interpreted this conflicting testimony as an attempt by Davis to

"maximize his damages in the case in which he is testifying."

Based on Davis's lack of credibility and failure of proof, the district court entered judgment in favor of Fairfield. Davis filed this appeal.

## II. DISCUSSION

Davis's first argument, that the district court erred by conducting a bench trial without his consent, is without merit. Davis's initial counsel of record stipulated to a bench trial during a pre-trial conference with the district court, as reflected in the district court's minute sheet. See Fed. R. Civ. P. 39(a)(1) (stating that trial by jury is not required, even if demanded, when the party's attorney of record by oral stipulation consents to a bench trial). Furthermore, neither Davis nor his counsel ever objected to a bench trial, but, instead, actively participated in the bench trial. See Wilson v. Bailey, 934 F.2d 301, 305 n.4 (11th Cir. 1991) (concluding that a failure to object to a bench trial in the district court waives the issue for appellate review); Southland Reship, Inc. v. Flegel, 534 F.2d 639, 644-45 (5th Cir. 1976) (concluding that a party waives his right to a jury trial by acquiescing to a bench trial).[1]

Davis's second contention, that the district court erred by failing to give his

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), we adopted as binding precedent all decisions from the former Fifth Circuit decided on or before September 30, 1981.

replacement counsel more time to prepare for trial, is equally without merit. Davis obtained replacement counsel on May 19, 2005. Replacement counsel obtained a two-month continuance to give him time to prepare for trial. At no point in the proceedings did Davis or his replacement counsel request additional time or suggest that more time was needed. Contrary to Davis's assertion, Federal Rule of Civil Procedure 16 does not require a district court to confer sua sponte additional trial preparation time.

Finally, Davis argues that the district court erred in failing to inquire further as to Davis's competency after Davis became confused while testifying about his medical history and explained that he sometimes got confused. We can find no authority to support Davis's contention that a district court has a duty to inquire sua sponte into a counseled civil plaintiff's mental competence under these circumstances.

Federal Rule of Evidence 601 provides that "[e]very person is competent to be a witness except as otherwise provided . . . ." Fed. R. Evid. 601. The Advisory Committee Note explains that there are "[n]o mental or moral qualifications for testifying as a witness," that "[d]iscretion is regularly exercised in favor of allowing the testimony," and that it is more appropriately a question of "weight and credibility, subject to judicial authority to review the sufficiency of the evidence."

5

Fed. R. Evid. 601 advisory committee's note.  Furthermore, one of our sister circuits has concluded that the district court is not obligated to inquire <u>sua</u> <u>sponte</u> into a plaintiff's mental competency  "even when the judge observes behavior that may suggest mental incapacity."  <u>See</u> <u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 201-02 & n.4 (2d Cir. 2003).

Here, apart from the circumstances mentioned above, Davis does not point to any behavior by him during the trial that should have suggested mental incapacity to the district court.[2]  Under the circumstances, we cannot say the district court's failure to <u>sua</u> <u>sponte</u> inquire into Davis's competency was error.[3]

**AFFIRMED.**

---

[2]Furthermore, because Davis failed to provide transcripts of the trial, we would be unable to review such an assertion had it been made.  <u>See</u> Fed. R. App. P. 10(b)(1).

[3]Appellee's motion for damages and costs pursuant to Fed. R. Civ. P. 38 is denied.