# In the
# United States Court of Appeals
## For the Seventh Circuit

——————

No. 02-3662

COLLEEN P. KRAMER,

*Plaintiff-Appellant,*

v.

BANC OF AMERICA SECURITIES, LLC,

*Defendant-Appellee.*

——————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 6768—**James B. Zagel**, *Judge.*

——————

ARGUED SEPTEMBER 17, 2003—DECIDED JANUARY 20, 2004

——————

Before RIPPLE, MANION, and WILLIAMS, *Circuit Judges.*

MANION, *Circuit Judge.* Colleen Kramer sued her former employer, Banc of America Securities, LLC ("BOA"), for, among other things, retaliatory discharge in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). After a bench trial, the district court found in favor of BOA. On appeal we must determine whether compensatory and punitive damages are available as a remedy for a retaliation claim against an employer under the ADA. We affirm the district court's decision to deny consideration

of compensatory and punitive damages, and its decision to conduct the trial in this case without a jury.

## I.

Colleen Kramer worked in BOA's Chicago, Illinois office from October 1995 until October 1999 . Her responsibilities included heading a team responsible for the structuring of loans for middle market companies so that the loans could be syndicated to other financial institutions. In October 1998, BOA and NationsBank merged. As a result of this merger, Kramer began reporting to a new supervisor, Mary Lynn-Moser.

Although Moser was impressed by the performance of Kramer's team during early 1999, Moser was critical of Kramer's job performance, particularly Kramer's leadership skills and interpersonal skills. At the end of May 1999, Moser replaced Kramer as team leader with another employee, although Kramer retained her salary and title as managing director. Moser also gave Kramer a memorandum critiquing Kramer's performance and stating that Kramer would need to improve her performance within the next 90 days.

In June 1999, Kramer responded to the demotion and memorandum through a letter from her lawyer. The letter demanded that she be reinstated as team leader and also revealed that Kramer suffered from multiple sclerosis. This was the first notice that BOA had of Kramer's disease.

A few months later, on September 1, 1999, Moser wrote another detailed memorandum that directed Kramer to, within 30 days, improve her performance in several specific areas or face termination of her employment. On September 24, 1999, Kramer filed a charge of disability discrimination

and retaliation with the United States Equal Employment Opportunity Commission (the "EEOC"). Four days later, Kramer sent Moser and Moser's supervisor an e-mail message notifying them of her charge. On September 30, 1999, the EEOC issued Kramer a Notice of Right to Sue.

On October 7, 1999, Moser informed Kramer that her employment with BOA was terminated. A little more than a week later, on October 15, 1999, Kramer filed suit in the United States District Court for the Northern District of Illinois, alleging disability discrimination and retaliation under the ADA and a state law claim for intentional infliction of emotional distress. The complaint sought front pay, back pay, compensatory and punitive damages, reinstatement, and attorney's fees and costs.

On May 23, 2000, Kramer filed a second charge of discrimination with the EEOC. This charge included an allegation of retaliatory discharge. On June 13, 2000, the EEOC issued her a second Notice of Right to Sue. Kramer filed an Amended Complaint on May 2, 2001, in which she dropped her state law causes of action. Both Kramer's Complaint and Amended Complaint demanded a jury trial on all issues. BOA's Answer and Answer to the Amended Complaint also included demands for jury trial.

BOA filed a motion for summary judgment on all of Kramer's claims. On December 6, 2001, the district court granted summary judgment in BOA's favor on Kramer's disability claims, but denied BOA's motion with respect to Kramer's claim of retaliatory discharge. Trial on Kramer's remaining claim was scheduled for May 13, 2002.

On May 3, 2002, BOA filed a Motion to Exclude Compensatory and Punitive Damages and Strike Plaintiff's Jury Demand. In its motion, BOA asserted that compensa-

tory and punitive damages are not recoverable on a claim of retaliation under the ADA. In addition, BOA argued that, because Kramer was not entitled to recover compensatory and punitive damages under the ADA, Kramer had no statutory right to a jury trial.

The district court granted BOA's motion on May 10, 2002. The court found that compensatory and punitive damages were not available as a remedy and that Kramer was not, therefore, entitled to a jury trial. The district court also refused to impanel an advisory jury.

The district court proceeded with a six-day bench trial on Kramer's retaliation claim, at the conclusion of which the court ruled in favor of BOA. The district court entered written findings of fact and conclusions of law on September 11, 2002. This appeal followed.

## II.

On appeal, Kramer argues that the district court erred in ruling that the she was not entitled to seek compensatory and punitive damages for a claim of retaliation under the ADA. In a related argument, Kramer claims that, because she was entitled to seek compensatory and punitive damages, she was entitled to a jury trial and it was reversible error on the part of the district court to strike her jury demand. Kramer also maintains that, independent of her claim for compensatory and punitive damages, she was entitled to a jury trial because BOA consented to a jury.[1]

---

[1] Kramer also claims that she had a constitutional right to a jury trial, even if this court finds that she was not entitled to recover compensatory and punitive damages. Kramer provides no legal

(continued...)

*A. Compensatory and Punitive Damages*

Kramer contends that she is entitled to seek compensatory and punitive damages for her claim of retaliation under the ADA. This is a matter of statutory interpretation which is subject to de novo review. *Jones v. R.R. Donnelly & Sons, Co.*, 305 F.3d 717, 722 (7th Cir. 2002).

Remedies available to a party making a retaliation claim against an employer under the ADA are first determined by reference to 42 U.S.C. § 12117. Section 12117, in turn, provides that the available remedies are those provided by the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e-4 through e-9. 42 U.S.C. § 12117(a). Section 2000e-5(g)(1) provides that a court may order certain equitable relief including, but not limited to, back pay, but it does not provide for compensatory or punitive damages.

However, the 1991 Civil Rights Act, 42 U.S.C § 1981a (a)(2), expands the remedies available under § 2000e-5(g)(1) in certain circumstances, to provide for compensatory and punitive damages. Specifically, § 1981a(a)(2) provides, in pertinent part, that:

> [i]n an action brought by a complaining party . . . against a respondent who engaged in unlawful intentional discrimination . . . under . . . section 102 of the [ADA] or committed a violation of section 102(b)(5)

---

[1] (...continued)
support for the one sentence in her brief dedicated to this argument. The absence of any supporting authority or development of an argument constitutes a waiver on appeal. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We have repeatedly made clear that perfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

> of the [ADA], against an individual, the complaining party may recover compensatory and punitive damages . . . .

42 U.S.C. § 1981a(a)(2)

Kramer argues that § 1981(a)(2) permits a plaintiff making a claim of retaliation against an employer under the ADA to recover compensatory damages. This question appears to be one of first impression for federal circuit courts. We have not found, and the parties have not cited any federal circuit courts that have considered this question. Kramer directs our attention to the decisions of three circuits—the Second, Eighth and Tenth Circuits—that have affirmed jury verdicts where compensatory and punitive damages had been awarded on ADA retaliation claims. *See, e.g., Salitros v. Chrysler Corp.*, 306 F.3d 562, 570 (8th Cir. 2002); *Muller v. Costello*, 187 F.3d 298, 314 (2d Cir. 1999); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241 (10th Cir. 1999). These decisions focused on whether there was sufficient evidence to award compensatory and punitive damages, but none examined the legal question of whether such damages were authorized for an ADA retaliation claim. The district courts that have addressed the question are split. *Compare Sink v. Wal-Mart Stores*, 147 F. Supp. 2d 1085, 1100-01 (D. Kans. 2001) (compensatory and punitive damages are not available for retaliatory discharge claim), *Boe v. AlliedSignal Inc.*, 131 F. Supp. 2d 1197, 1202-03 (D. Kans. 2001) (same), and *Brown v. City of Lee's Summit*, 1999 WL 827768, *2-*4 (W.D. Mo. 1999) (same), *with Lovejoy-Wilson v. NOCO Motor Fuels, Inc.*, 242 F. Supp. 2d. 236, 240-41 (W.D. N.Y. 2003) (compensatory and punitive damages are available), *Rhoads v. FDIC*, 2002 WL 31755427, *1-*2 (D. Md. 2002) (same), and *Ostrach v. Regents of the University of California*, 957 F. Supp. 196, 200-01 (E.D. Cal. 1997) (same).

The district court's analysis in *Brown v. City of Lee's Summit* is thorough and particularly persuasive. We agree with that court's conclusion that "a meticulous tracing of the language of this tangle of interrelated statutes reveals no basis for plaintiff's claim of compensatory and punitive damages in his ADA retaliation claim." 1999 WL 827768, at *3.

We thus conclude that the 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available. A close reading of the plain language of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA. Section 1981a(a)(2) permits recovery of compensatory and punitive damages (and thus expands the remedies available under § 2000e-5(g)(1)) only for those claims listed therein. With respect to the ADA, § 1981a(a)(2) only lists claims brought under §§ 12112 or 12112(b)(5). Because claims of retaliation under the ADA (§ 12203) are not listed, compensatory and punitive damages are not available for such claims. Instead, the remedies available for ADA re-taliation claims against an employer are limited to the remedies set forth in § 2000e-5(g)(1). *See National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").

The decisions of the district courts finding that compensatory and punitive damages are available are not persuasive. In *Lovejoy-Wilson v. NOCO Motor Fuels, Inc.* and *Rhoads v. FDIC*, neither district court engaged in an analysis of § 1981a(a)(2). Rather, *Lovejoy-Wilson* relies in part

on the fact that "courts within the Second Circuit have routinely allowed juries to decide ADA retaliation claims." 242 F. Supp. 2d at 240. As we pointed out above, the Second Circuit in *Muller* did not address the underlying question of whether compensatory and punitive damages are available. The decision in *Rhoads* relied on the legislative history of the ADA. 2002 WL 31755427, at *1. We need not resort to a committee report's summary of legislative intent when the statute is specific. *See McCoy v. Gilbert*, 270 F.3d 503, 510 n.4 (7th Cir. 2001) (citing *United States v. Hudspeth*, 42 F.3d 1015, 1022 (7th Cir.1994) (en banc)) ("We need never consider legislative history when interpreting an unambiguous statute."). The plain text of § 1981a(a)(2) is clear. *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: 'judicial inquiry is complete.' ") (citations omitted). Because the plain language of § 1981a(a)(2) limits its application to specific claims, it is inappropriate to expand the scope of the statute in reliance on legislative history to include claims for retaliation by an employer under the ADA.

Finally, we disagree with the district court's analysis in *Ostrach v. Regents of the University of California*. In that case, the court quotes § 1981a(a)(2) as follows:

> [i]n an action brought by a complaining party under the powers, remedies and procedures set forth in § 716 or 717 of the Civil Rights Act of 1964 (as provided in section 107(a) of the Americans with Disabilities Act of 1990) against a respondent who engaged in unlawful intentional discrimination . . . the complaining party may recover compensatory and punitive damages . . . .

*Ostrach*, 957 F. Supp. at 201. Significantly, what is omitted by the first set of ellipses is crucial to the question at issue. The omitted language lists the specific statutory sections for which a party may recover compensatory and punitive damages. The section providing an action for retaliation, § 203 of the ADA (42 U.S.C. § 12203), is not listed.

### B.  Kramer's Right to a Jury Trial

Because Kramer was not entitled to recover compensatory and punitive damages, she has no statutory or constitutional right to a jury trial. The only remedies Kramer (or any plaintiff bringing a claim of retaliation against an employer under the ADA) was entitled to seek were equitable in nature. *See* 42 U.S.C. § 2000e-5(g)(1) (stating that where an employer has engaged in an unlawful employment practice, a court may issue an injunction, reinstate the plaintiff employee, order back pay, or award "any other *equitable relief* as the court deems appropriate") (emphasis added). There is no right to a jury where the only remedies sought (or available) are equitable. *See, e.g.*, *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) ("If the only relief sought is equitable . . . neither the party seeking that relief nor the party opposing it is entitled to a jury trial."). We need not, therefore, address Kramer's argument that it was reversible error for the district court to strike her demand for a jury trial; Kramer had no statutory right to a jury trial.

We need, however, to address Kramer's argument that, independent of whether she was entitled to recover compensatory and punitive damages, she was entitled to a jury trial based on BOA's consent as evidenced by its demand for a jury trial in its answer to the Complaint and Amended Complaint. Federal Rule of Civil Procedure 39(c) addresses jury trials by consent.

(c) **Advisory Jury and Trial by Consent**. In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Fed. R. Civ. P. 39(c). This court has held that issues of back pay and front pay are not beyond the scope of parties' consent to a jury trial. *Pals v. Scheipel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000).

Kramer claims that BOA consented to a jury trial when it included a demand for a jury trial in its answer to her Complaint and Amended Complaint. Once BOA consented, Kramer argues, citing Fed. R. Civ. P. 38(d), it could not withdraw such consent without Kramer's permission. Because she did not consent to such a withdrawal—she opposed BOA's motion to strike her jury demand—she claims the court erred in granting BOA's motion. The district court disagreed. The court doubted that BOA had actually consented to a jury trial on the issues of front and back pay, but regardless, found that it was not too late for BOA to withdraw its consent to a jury trial. The court also declined to impanel an advisory jury. The court saw "no point to the expense and time of an advisory jury, particularly on an issue that I suspect I need no advice."

In order to determine whether BOA properly withdrew its consent to a jury trial it is important to review the events leading up to and including BOA's motion. Kramer's Complaint and Amended Complaint included a request for remedies (compensatory and punitive damages) that, had she been entitled to recover such remedies, would have entitled her to a jury trial as a matter of right. *See* 42 U.S.C.

§ 1981a(c)(1) ("If a complaining party seeks compensatory or punitive damages under this section any party may demand a trial by jury."). By including a demand for a jury in her Complaint and Amended Complaint, Kramer successfully exercised her right to have her claim heard by a jury. Fed. R. Civ. P. 38(b). BOA also made a demand for a jury trial in its answer to the Complaint and the Amended Complaint, though strictly speaking, such a demand was not necessary. The demand for a jury by one party is generally sufficient *where the jury trial is of right.*

Shortly before trial, BOA made a motion to exclude compensatory and punitive damages. The district court granted this motion. In this opinion we affirm the district court's decision. After the district court granted the motion, Kramer had no *right* to a jury trial. As we have discussed, Kramer was entitled to have her claim of retaliation (for which she was entitled only to equitable remedies) heard by a jury only if BOA consented and the district court agreed.

BOA also moved at the same time to strike Kramer's jury demand. In light of the district court's decision that there was no statutory right to a jury trial, this motion was proper. Federal Rule of Civil Procedure 39(a) provides that when a jury trial has been demanded and designated on the docket as a jury trial, the trial shall be heard by a jury, "*unless* . . . (2) the court *upon motion* or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed. R. Civ. P. 39(a)(2) (emphasis added).

Kramer's reliance on Rule 38(d) for the proposition that BOA could not withdraw a demand for a jury trial without her consent, is misplaced. Rule 38, as is made clear by its caption, is concerned with jury trials of right. Rule 38(d)'s

requirement that the other parties consent to a withdraw of a demand permits those other parties to rely on the jury demand to protect their right to a jury trial. *See Partee v. Buch*, 28 F.3d 636, 636 (7th Cir. 1994) ("[T]he plaintiff . . . was entitled to rely on the defendant's jury demand and was not required to file a separate jury demand on his own."); 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2318 (3d. ed. 1995). Assuming Kramer had a right to a jury trial (for instance, if she was actually entitled to recover compensatory and punitive damage), BOA could not withdraw a demand for a jury trial. But Kramer had no right to a jury trial and there is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right. *See Thaler v. PRB Metal Products, Inc.*, 810 F. Supp. 49, 50 (E.D. N.Y. 1993) (rejecting plaintiff's argument that Rule 38(d) prohibits a party from withdrawing its consent to a jury trial that is not of right and noting that "plaintiff cites no author-ity for the proposition that . . . consent cannot be withdrawn prior to trial").

The question then is whether BOA properly withdrew its consent to a jury trial. The district court expressed some doubt as to whether BOA had ever consented to a jury trial on Kramer's claims of front and back pay. We need not address this question, however, because it is clear that, to the extent BOA did consent to a jury trial, it withdrew that consent with its motion to strike Kramer's jury demand. BOA filed its motion to strike Kramer's jury demand two weeks prior to the trial. The district court determined that this was not too late in the litigation process and Kramer has provided no reason why she was prejudiced by a bench trial rather than a jury trial. *See CPI Plastics, Inc. v. USX Corp.*, 22 F. Supp. 2d. 1373, 1378 (N.D. Ga. 1995) (granting motion to strike jury demand two weeks before a trial and noting no

prejudice because there was no right to a jury, and a bench trial would require less preparation than a jury trial). We conclude that BOA properly withdrew its consent to a jury trial.[2]

Compensatory and punitive damages are not available to a plaintiff bringing a claim of retaliation by an employer under the ADA. Without the right to recover compensatory and punitive damages, Kramer did not have a right to a jury trial and she was entitled to a jury trial only with the consent of BOA and the court. BOA properly withdrew its consent to a jury trial. For these and the foregoing reasons, we AFFIRM.

---

[2] Of course not even the consent of BOA would have guaranteed Kramer a jury trial. A district court is not obligated to use a jury where one is not required even if both parties agree to use a jury. Rule 39(c) clearly contemplates a role for the court in deciding to use a jury where one is not required. *Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 827 (2d Cir. 1994) ("[W]hen both parties consent, Rule 39(c) invests the trial court with the discretion—but not the duty—to submit an equitable claim to the jury for a binding verdict. While the litigants are free to request a jury trial on an equitable claim, they cannot impose such a trial on an unwilling court.").

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*