**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2373**

---

LORI D. RHOADS,

                              Plaintiff - Appellant,

          versus

FEDERAL DEPOSIT INSURANCE CORPORATION, in its
capacity as receiver for Standard Federal
Savings Bank and Standard Federal Savings
Association,

                              Defendant - Appellee,

          and

RESOLUTION TRUST CORPORATION, a/k/a Standard
Federal Savings & Loan Association, as
Receiver,

                              Defendant.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(CA-94-1548-CCB)

---

Submitted:  March 31, 2004          Decided:  April 16, 2004

---

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

Lori D. Rhoads, Appellant Pro Se. Ashley Doherty, FEDERAL DEPOSIT INSURANCE CORPORATION, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lori D. Rhoads again appeals to this court following our reversal and remand, in part, so that she could pursue her claim that she was retaliated against in her employment in violation of the anti-retaliation provision of the Americans with Disabilities Act ("ADA").  See Rhoads v. FDIC, 257 F.3d 373 (4th Cir. 2001).  On remand, Rhoads was awarded $120,006 in back pay from the jury.  Nonetheless, Rhoads again appeals raising several issues.  For the reasons that follow, we affirm.

Rhoads contests the district court's denial of her motion to reconsider under Fed. R. Civ. P. 60(b).  As noted by the district court, the claims raised in Rhoads' Rule 60(b) motion are barred by the law of the case doctrine, United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999), as this court previously considered the claims in her prior appeal.

Rhoads' claim that she was entitled to recover compensatory and punitive damages in her trial for violation of the ADA's anti-retaliation provision fails because such relief is unavailable.  Kramer v. Banc of Am. Sec., 355 F.3d 961, 965 (7th Cir. 2004).  Thus, Rhoads' claim that the district court erred in limiting her evidence to prove these damages also fails.

Next, Rhoads alleges that she was entitled to prejudgment interest on her award, attorney's fees, expenses, and costs.  We have reviewed the record and arguments made by the parties on

appeal and find no reversible error.  Thus, we affirm for the reasons stated by the district court.  <u>See</u> <u>Rhoads v. FDIC</u>, 286 F. Supp. 2d 532, 540-44 (D. Md. 2003).

Finally, Rhoads alleges numerous errors regarding this court's decision in her prior appeal.  These issues are now the law of the case and may not be reasserted in her second appeal. <u>Aramony</u>, 166 F.3d at 661.

Accordingly, we affirm.  We deny Rhoads' motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>