Melissa **FUNK**, Plaintiff,

v.

**PURDUE EMPLOYEES FEDERAL CREDIT UNION, et al.,** Defendants.

No. 4:03 CV 104.

United States District Court, N.D. Indiana, Hammond Division.

Sept. 9, 2004.

Bradley L. Wilson, John H. Haskin, Robb A. Minich, Michael A. Bray, Indianapolis, IN, for Plaintiff.

Jennifer J. Kalas, Renee J. Mortimer Schererville, IN, Nathan A. Baker, Indianapolis, IN, for Defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On or about July 13, 2004, this Court ordered the parties to brief the issue of entitlement of Plaintiff, Melissa Funk, to a jury trial. In her brief, Ms. Funk recognizes that she does not have a right to a jury trial on Count II of her Complaint which is brought under ERISA, 29 U.S.C. Section 1132(a)(1)(b). She therefore limits her jury demand to Count I of her Complaint which is her claim of unlawful intentional discrimination in violation of the ADA. Funk relies on *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961 (7th Cir.2004) in arguing that because she seeks damages at law for her claim for unlawful intentional discrimination on the basis of a disability rather than equitable relief, she is entitled to a jury trial on her claim. Defendants agree that consistent with *Kramer*, Funk is entitled to a jury trial on some issues raised in Count I, but that key issues of law must first be decided by the Court before the case is submitted to the jury.

■ The first remedy sought by Funk under Count I is a declaration that surgery to treat her obesity is covered under the terms of the Plan. This issue constitutes the substantive issue raised under Count II, brought under section 502(a)(1)(B) of ERISA, for which, as addressed an unopposed by Funk, there is no

right to a jury trial and will be decided by this Court in its consideration of Count II. *See, Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir.1998).

■ The remaining issues of Funk's claim of disability discrimination in Count I rest on the ADA's prohibition of employers discriminating "against a qualified individual because of the disability of such individual." *See*, 42 U.S.C. Section 12111(8). In *Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998), pursuant to 42 U.S.C. Section 12102(2)(A), the Supreme Court ruled that "consideration of subsection (A) of the definition proceeds in three steps." *Id.* at 631, 118 S.Ct. 2196. First, the court must "consider whether [the plaintiff's condition] was a physical [or mental] impairment." *Id.* Second, the court must "identify the life activity upon which [the plaintiff] relies ... and determine whether it constitutes a major life activity under the ADA." *Id.* "Third, tying the two statutory phrases together, [the court] ask[s] whether the impairment substantially limited the major life activity." *Id.*

In light of *Bragdon*, the Tenth Circuit in *Poindexter v. Atchison, Topeka and Santa Fe Railway Co.*, 168 F.3d 1228 (10th Cir. 1999), thereafter held that "whether a claimed affliction constitutes an impairment under the ADA and whether the identified endeavor constitutes a major life activity are determinations of law for the court to decide." *Id.* at 1230. The Tenth Circuit in *Poindexter* further held that "the district court erred in submitting the legal issues of impairment and major life activity to the jury," 168 F.3d at 1232, and that the district court's plain error required a new trial. *Id.*[1] *See also, Doebele*

---

1. In an unpublished opinion, the Seventh Circuit in *Moore v. County of Cook*, 2000 WL 989618 (7th Cir.2000), without assessing the validity of the Tenth Circuit's opinion in *Poindexter*, simply found that the particular jury instruction used in the case before it provided "sufficient guidance to avoid a miscarriage of justice." *Id.* at *3. However, in the recent case of *Harris v. The Picture People*, 2004 WL 1898784 (N.D.Ill. August 20, 2004), the Court

v. *Sprint/United Management Co.,* 342 F.3d 1117, 1129 (10th Cir.2003); *Bristol v. Board of County Commissioners,* 281 F.3d 1148, 1156 (10th Cir.2002).

The issue of whether Funk's obesity is or can be regarded as an "impairment" within the meaning of the ADA, and the issue of whether one or more of the activities identified by Funk as being affected by her obesity are "major life activities" within the meaning of the ADA are seemingly questions of law to be determined by this Court before the case is submitted to the jury. However, once this Court decides as a matter of law whether Funk has or is regarded as having an "impairment" under the ADA and that she has identified one or more activities that qualifies as a "major life activity" under the ADA, Funk is entitled to a jury trial on the factual issues raised in Count I. Specifically, whether Funk's obesity "substantially limits" one or more of her major life activities; whether the Credit Union unlawfully discriminated against Funk by denying her claim under the Plan for surgical treatment of her obesity; if the Credit Union did unlawfully discriminate against Funk, whether the Credit Union did so intentionally with animus toward the disabled or by acts of disparate treatment directed against Funk; and if the Credit Union did unlawfully and intentionally discriminate against Funk, to what extent Funk is entitled to damages at law.

**SO ORDERED.**

---

appears to also follow the reasoning behind *Bragdon* in assessing a claim brought under

42 U.S.C. Section 12102(2)(A).