**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**FAURECIA EXHAUST SYSTEMS, INC., Defendant.**

**Case No. 4:08CV00950.**

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 12, 2008.

C. Larry Watson, Solvita A. McMillan, U.S. Equal Employment Opportunity Commission, Cleveland, OH, Debra M. Lawrence, U.S. Equal Employment Opportunity Commission, Baltimore, MD, Jacqueline H. McNair, Judith A. O'Boyle, U.S. Equal Employment Opportunity Commission, Philadelphia, PA, for Plaintiff.

Mark S. Kittaka, Barnes & Thornburg, Fort Wayne, IN, for Defendant.

## MEMORANDUM OPINION AND ORDER

SARA LIOI, District Judge.

This matter is before the Court on a motion by defendant Faurecia Exhaust Systems, Inc. ("Faurecia" or "Defendant") for partial judgment on the pleadings. (Doc. No. 8.) In the motion, Faurecia seeks dismissal of the compensatory and punitive damage claims asserted by the plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), as well as an order striking the jury demand set forth in the complaint. The motion is fully briefed and ripe for decision.[1]

---

1. After briefing was completed in accordance with the Local Rules, Plaintiff filed a motion for leave to file instanter a "Corrected" Memorandum in Opposition to Faurecia's motion. (Doc. No. 16.) This prompted Faurecia to file a response, pointing out in detail that Plain-

## I. Introduction

Based on allegations that Faurecia improperly disciplined employee Eugene Vallozzi, Jr. and terminated his employment in retaliation for Mr. Vallozzi's engaging in conduct protected by the Americans with Disabilities Act of 1990 (the "ADA"), Plaintiff asserts a single cause of action under 42 U.S.C. § 12203(a). The ADA's anti-retaliation provision provides:

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a).

By way of the instant motion, Faurecia seeks a determination that, as a matter of law, retaliation claims under § 12203(a) do not allow recovery of compensatory or punitive damages, and therefore Plaintiff is not entitled to trial by jury.

## II. Law and Analysis

### A. Standard of Review

▆ Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "For purposes of a motion for

judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991) (citation omitted).

### B. Compensatory and Punitive Damages

The issue presented by the motion is one of statutory interpretation. When interpreting a statute, the court's first step is to examine the language of the statute and determine if its meaning is plain. *See U.S. Dep't of the Treasury v. Fabe*, 508 U.S. 491, 500, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993). In making this determination, the court looks to the language and design of the statute as a whole. *United States v. Meyers*, 952 F.2d 914, 918 (6th Cir.1992), *cert. denied*, 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992). If the statutory language is plain, the court's sole function is to enforce it according to its terms.

tiff's "Corrected" memorandum contained more than just superficial typographical corrections, but added some additional substantive argument. While the Court essentially agrees with Faurecia's analysis in this regard, review of the "Corrected" memorandum does not alter the outcome Faurecia's motion.

Contrary to Faurecia's claim that allowing the filing of the "Corrected" memorandum could result in the need for more briefing, the Court finds that Faurecia's filings adequately respond to all arguments raised by Plaintiff, so Faurecia has not been prejudiced. Accordingly, Plaintiff's motion for leave is granted.

*United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).

■ The sole claim in Plaintiff's complaint is one for retaliation under 42 U.S.C. § 12203(a). The remedies available for a violation of that section are provided by 42 U.S.C. § 12117. 42 U.S.C. § 12203(c). Section 12117, in turn, makes available those remedies set forth in 42 U.S.C. §§ 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9. 42 U.S.C. § 12117(a). Section 2000e–5(g)(1) permits certain equitable relief, including back pay and injunctive relief, but neither it nor any other subsection provides for compensatory or punitive damages.

In 1991, section 2000e–5 was expanded by 42 U.S.C. § 1981a. In pertinent part, § 1981a(a)(2) provides:

In an action brought by a complaining party [ . . . ] against a respondent who engaged in unlawful intentional discrimination [ . . . ] under [ . . . ] section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the [ADA], against an individual, the complaining party may recover compensatory and punitive damages [ . . . ].

42 U.S.C. § 1981a(a)(2). In providing for recovery of compensatory and punitive damages, § 1981a(a)(2) specifically mentions only claims under §§ 12112 and 12112(b)(5) of the ADA. No mention is made of § 12203, the ADA retaliation provision under which Plaintiff brings its claim.

At issue is whether § 1981a(a)(2), despite the lack of any explicit reference to § 12203, nevertheless applies to expand the remedies available on an ADA retaliation claim to include compensatory and punitive damages. The Sixth Circuit has not addressed the question. In reliance upon *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961 (7th Cir.2004), *cert. denied,* 542 U.S. 932, 124 S.Ct. 2876, 159 L.Ed.2d 798 (2004), Faurecia argues that the answer is no. In response, Plaintiff argues that *Kramer* was decided incorrectly, and instead urges the Court to adopt the rationale espoused by several post-*Kramer* district court decisions, most notably *Edwards v. Brookhaven Sci. Assocs. LLC,* 390 F.Supp.2d 225 (E.D.N.Y.2005),[2] and hold that compensatory and punitive damages are available on ADA retaliation claims.

Addressing the same question at issue here, the Seventh Circuit held in *Kramer* that "Section 1981a(a)(2) permits recovery of compensatory and punitive damages (and thus expands the remedies available under § 2000e–5(g)(1)) only for those claims listed therein." 355 F.3d at 965. Since § 1981a(a)(2) refers exclusively to ADA §§ 12112 and 12112(b)(5), it expanded the remedies for those sections only. "Because claims of retaliation under the ADA (§ 12203) are not listed, compensatory and punitive damages are not available for such claims. Instead, the remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in § 2000e–5(g)(1)." *Id.*

The district court in *Edwards* rejected the Seventh Circuit's *Kramer* decision, instead concluding that the remedies provided by § 1981a(a)(2), including compensatory and punitive damages, are available in ADA retaliation cases under § 12203. *Ed-*

---

**2.** Other district courts declining to follow *Kramer* include *Rumler v. Dep't of Corr., State of Fla.,* 546 F.Supp.2d 1334, 1342 (M.D.Fla. 2008), and *Kotewa v. Living Independence Net-* *work Corp.,* No. CV05–426–S–EJL, 2007 WL 676681, at *4 (D.Idaho Mar. 1, 2007). Both rely almost entirely upon *Edwards.*

*wards,* 390 F.Supp.2d at 235–36. The court in *Edwards* acknowledged that § 1981a "does not list § 12203 as a claim that permits recovery of compensatory damages." *Id.* at 236. The court nevertheless concluded that this omission was "of no consequence when § 1981 is read in conjunction with the relevant provisions of the ADA." *Id.* In reaching this conclusion, the court in *Edwards* found that those "relevant provisions" made "clear" that the remedies available for violations of § 12203 were identical to those available under Title I of the ADA. *Id.* Based upon this finding, and upon its belief that "[n]o sound canon of interpretation requires Congress to speak with extraordinary clarity[,]" *id.* (citing *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 558, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)), the court in *Edwards* found it "fair to assume that the expansive effect of § 1981(a) applies equally to claims under Title I as it does to retaliation claims by virtue of the fact that the remedies available for retaliation claims incorporate, and are coextensive with, the remedies available under Title I." *Id.*

The two district courts within this circuit to consider the issue both followed *Kramer* and rejected *Edwards. Arredondo v. S2 Yachts,* 496 F.Supp.2d 831, 835–36 (W.D.Mich.2007); *Cantrell v. Nissan N. Am., Inc.,* No. 3:03–0082, 2006 WL 724549, at *2 (M.D.Tenn. Mar. 21, 2006). Directly confronting the *Edwards* rationale, the court in *Arredondo* explained: "The court in *Edwards* read the general language in § 12203(c) that adopts the remedies provided by § 12117 as displacing the specific language of § 1981a(a)(2) that limits the availability of the remedies provided by that subsection to §§ 12112 and

12112(b)(5)." *Arredondo,* 496 F.Supp.2d at 835. The court in *Arredondo* found that "the position adopted by the court in *Edwards* voids the references to §§ 12112 and 12112(b)(5) in § 1981a(a)(2) of any meaning in any conceivable context[,]" and therefore rejected that construction of the statute based upon the "cardinal principle of statutory construction that a statute ought, upon the whole, to be construed so that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Id.* (citing *TRW, Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (quoting *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 126 S.Ct. 2455, 2460, 165 L.Ed.2d 526 (2006)). The court in *Arredondo* concluded that "no statutory text provides compensatory and punitive damages for a violation of § 12203." *Id.* Finding persuasive the statutory interpretation set forth in *Kramer,* the court held compensatory and punitive damages were unavailable.

This court agrees fully with the statutory analysis performed in *Kramer* and, likewise, with the reasons for rejecting the *Edwards* approach set forth in *Arredondo.* Nowhere does the statutory text provide for compensatory or punitive damages on a claim under § 12203. It is no herculean task to follow the interrelated statutory references to determine which remedies are available on a given claim. By performing the statutory analysis, it is plain that any interpretation of § 1981a(a)(2) as providing for compensatory or punitive damages for a § 12203 retaliation claim empties the former's explicit references to §§ 12112 and 12112(b)(5) of any meaning.[3]

---

**3.** Accordingly, the conclusion in *Edwards* that the remedies for retaliation claims were "coextensive" with those available for Title I claims was erroneous. The remedial schemes are "coextensive" only if the specific references in § 1981a(a)(2) are ignored. The ultimate holding of the court in *Edwards* relied heavily on this erroneous conclusion.

Consequently, such an interpretation is untenable. Conversely, the interpretation arrived at by the Seventh Circuit in *Kramer*, which gives full effect to those same references, comports with the relevant principles of statutory construction and is, therefore, highly persuasive. Accordingly, the Court elects to follow *Kramer* and finds that Plaintiff's ADA retaliation claim under § 12203 cannot support compensatory or punitive damages as a matter of law.[4] While perhaps, as Plaintiff suggests, little apparent logic underlies a rule precluding an award of compensatory and punitive damages in ADA retaliation cases where such damages are available in Title VII retaliation cases, the Court's analysis is confined to the statutory language, and any alteration of the rule must come from Congress. *See, e.g., Sink v. Wal–Mart Stores, Inc.,* 147 F.Supp.2d 1085, 1101 (D.Kan.2001).

### C. Jury Trial

Plaintiff concedes that the motion turns entirely on whether the statute permits recovery of compensatory and punitive damages. Because the Court agrees with Faurecia that it does not, and therefore the relief sought by Plaintiff is purely equitable in nature, Plaintiff is not entitled to a jury trial. *See Golden v. Kelsey–Hayes Co.,* 73 F.3d 648, 659 (6th Cir.1996) (no jury trial right where only relief sought is equitable in nature).

### III. Conclusion

For the foregoing reasons, Faurecia's motion for judgment on the pleadings is **GRANTED.** Plaintiff's claims for compensatory and punitive damages are DIS-

MISSED, and its jury demand is STRICKEN.

**IT IS SO ORDERED.**

---

4. Plaintiff's citations to several recent Supreme Court decisions have no bearing on the statutes at issue in this case and therefore are totally inapposite.