[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13042
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cv-62023-WJZ


TINA KOVELESKY,

Plaintiff-Appellant,

versus

FIRST DATA CORPORATION,
FIRST DATA MERCHANT SERVICES CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Tina Kovelesky appeals a jury verdict and district court judgment in favor of

First Data Corporation ("First Data"), her former employer, in her counseled

employment action, alleging retaliation and discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12203, 12112.  On appeal, Kovelesky argues that: (1) the district court abused its discretion in permitting First Data to present evidence to support its after-acquired evidence defense; and (2) the district court erred in ruling that she was not entitled to a jury trial and compensatory or punitive damages as to her ADA retaliation claims.  For the reasons set forth below, we affirm the judgment in favor of First Data.

I.

In December 2008, Kovelesky filed a counseled complaint against First Data, alleging retaliation and discrimination based on her disability in violation of the ADA, 42 U.S.C. §§ 12203, 12112.  Specifically, Kovelesky alleged that she was subjected to various acts of discrimination and retaliation because she suffers from endometriosis and pregnancy-related complications.  First Data filed an answer and, as one of its affirmative defenses, it stated that, if it discovered evidence of any wrongdoing by Kovelesky, it invoked the after-acquired evidence rule to limit her damages.

Prior to trial, First Data filed a motion to exclude certain evidence at trial. Among other things, First Data alleged that front pay and back pay are equitable remedies to be awarded by the court, not a jury.  Kovelesky filed a response, arguing that excluding those issues could prevent the jury from properly awarding

2

damages.  Subsequently, the parties filed an initial and amended joint pretrial stipulation detailing the issues to be litigated at trial.  Both parties attached exhibit lists to the initial and amended stipulations.  Among other things, First Data indicated that, as Defense Exhibit 121, it intended to submit e-mails "sent by []Kovelesky in violation of First Data['s] Confidential/Non-Disclosure Policies."

Prior to trial, the court heard oral arguments on the pretrial motion. Ultimately, it ruled that the court, not the jury, would decide issues related to any award of front pay or back pay.  In response, First Data raised a "follow-up issue," arguing that Kovelesky's ADA retaliation claims provide only for equitable relief because punitive and compensatory damages cannot be awarded.  Thus, First Data argued that Kovelesky was not entitled to a jury trial on her retaliation claims, and those claims should be decided by the court.  The court agreed with First Data, and Kovelesky did not respond.

The case proceeded to trial before a jury.  At trial, Ralph Shalom, a corporate representative from First Data, testified on its behalf.  During his testimony, First Data asked Shalom whether he had discovered that Kovelesky had sent confidential information from work to her personal e-mail address.  Kovelesky objected on relevance grounds, and she also argued that First Data was submitting extrinsic evidence to show misconduct, which would require a "mini trial" on the issue.  Further, she objected based on the evidence's "prejudicial value."  In

3

response, First Data noted that it had asserted the after-acquired evidence defense as an affirmative defense in its answer to the complaint.  Ultimately, the court deferred its ruling on the admissibility of this evidence, and First Data submitted a trial brief explaining its after-acquired evidence defense.

During its case-in-chief, First Data sought to submit Defense Exhibit 121, which was an e-mail that Kovelesky sent to her personal e-mail address on March 30, 2006.  In response, Kovelesky renewed her objection that the e-mail was not relevant evidence.  The court overruled her objection and allowed the evidence. Shalom then testified that Kovelesky attached certain documents to the e-mail in violation of First Data's confidentiality policy.  First Data later discovered the e-mail in May 2009, a week or two prior to Kovelesky's pretrial deposition.  At the close of trial, the court instructed the jury regarding First Data's after-acquired evidence defense.

The jury returned a unanimous verdict in favor of First Data.  Before the district court entered judgment, Kovelesky filed a motion for the court to enter a judgment against First Data as to her ADA retaliation claims.  In support, she noted that the jury's verdict as to those claims was merely advisory and "the ultimate decision on this issue, being exclusively equitable in nature rests with the [c]ourt."

4

Subsequently, the district court issued findings of fact and conclusions of law regarding Kovelesky's retaliation claims. The court explained that it had exercised its discretion to allow the same jury that decided her discrimination claims to render an advisory verdict as to her retaliation claims. Further, after hearing all of the evidence, the jury issued a verdict in First Data's favor as to all claims. Ultimately, the court concluded that Kovelesky failed to establish a *prima facie* case of unlawful retaliation under the ADA. As such, the court entered judgment in favor of First Data.

After filing the instant notice of appeal, Kovelesky filed a motion for relief from the judgment under Fed.R.Civ.P. 60(b)(3), asserting that First Data perpetrated a fraud on the court by introducing false evidence at trial. Specifically, she asserted that First Data fabricated the e-mail evidence because she was not at work at the time when the e-mail was sent. The district court denied Kovelesky's Rule 60(b) motion.

## II.

A district court's evidentiary rulings are reviewed for an abuse of discretion. *Proctor v. Fluor Enter., Inc.*, 494 F.3d 1337, 1349 n.7 (11th Cir. 2007). "To gain a reversal based on a district court's evidentiary ruling, a party must establish that (1) its claim was adequately preserved; (2) the district court abused its discretion in

5

interpreting or applying an evidentiary rule; and (3) this error affected a substantial right." *Id.* at 1349.

The doctrine of after-acquired evidence was established by the Supreme Court in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), a case that arose under the ADA. *Holland v. Gee*, 677 F.3d 1047, 1064-65 (11th Cir. 2012). In *McKennon*, the employer discovered, after the employee was terminated, that, during her employment, she had removed and copied company records in violation of her job responsibilities. *Id.* at 1064. "The [Supreme] Court held that if an employer 'establishes that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge,' an award of back pay should generally be limited to the period of time 'from the date of the unlawful discharge to the date the new information was discovered.'" *Id.* at 1064-65 (alteration omitted). Under the after-acquired evidence doctrine, the employer has the burden to prove that any wrongdoing was of such severity that the employee would have been terminated on those grounds alone. *Id.* at 1065. "Thus, it is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order." *Id.*

We generally will not consider on appeal issues that a party failed to raise before the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d

6

1324, 1331 (11th Cir. 2004). To properly preserve an issue for appeal, a party must first clearly present it to the district court in such a way as to afford the district court an opportunity to recognize and rule on it. *United States v. Land, Winston Cnty.*, 163 F.3d 1295, 1302 (11th Cir. 1998). Finally, juries are presumed to follow the court's instructions. *Gowski v. Peake*, 682 F.3d 1299, 1315 (11th Cir. 2012).

As an initial matter, Kovelesky's instant appeal involves a review of the district court's final judgment in favor of First Data, not the court's subsequent order denying her post-judgment Rule 60(b) motion. Although Kovelesky's Rule 60(b) motion challenged the evidence related to First Data's after-acquired evidence defense, she filed the instant notice of appeal prior to filing that motion and before the court ruled on it. Moreover, in her appeal brief, she challenges only the court's evidentiary ruling at trial, and she does not address its post-judgment Rule 60(b) ruling. Thus, First Data's arguments—that we lack jurisdiction to consider the district court's denial of Kovelesky's Rule 60(b) motion and that her arguments are barred by the law of the case doctrine—are irrelevant to the issues on appeal.

Kovelesky's primary argument on appeal appears to be that the district court erred in admitting evidence related to First Data's after-acquired evidence defense because First Data waived the defense by failing to raise it in either of the joint

7

pretrial stipulations.  She asserts that she was prejudiced because she was unable to rebut the charge that she committed any wrongdoing or take other remedial measures.  However, Kovelesky did not present this argument at trial and, instead, she challenged the evidence by arguing that it was irrelevant and prejudicial.  She also asserted that it was improper extrinsic evidence of misconduct, which would require a "mini trial."  She did not argue before the district court, as she does on appeal, that she lacked notice of the after-acquired evidence defense or that First Data had waived the defense.  Thus, because Kovelesky did not clearly present her lack-of-notice argument to the district court, we may decline to address it.  *See Access No*, 385 F.3d at 1331; *Land, Winston Cnty.*, 163 F.3d at 1302.

Regardless, the district court did not abuse its discretion in allowing First Data to present evidence in support of its after-acquired evidence defense. Contrary to Kovelesky's arguments, she had notice of First Data's intent to present the defense.  Specifically, First Data asserted the after-acquired evidence defense as an affirmative defense in its answer to the complaint, and it also referenced the specific e-mail that Kovelesky now challenges in its list of defense exhibits, which was attached to the joint pretrial stipulations.  First Data specifically indicated that, as Defense Exhibit 121, it planned to present e-mails that Kovelesky sent in violation of its confidentiality policies.  Thus, the district court did not abuse its discretion in permitting First Data to present evidence in support of its after-

8

acquired evidence defense because Kovelesky had notice of the defense and, if she had prevailed on her claims, the evidence would have been relevant to the issue of damages.  *See Proctor*, 494 F.3d at 1349 n.7; *Holland*, 677 F.3d at 1064-65.

In any event, even if the district court erred in allowing the challenged evidence, we would not reverse because Kovelesky has not shown that the evidence affected her substantial rights.  *See Proctor*, 494 F.3d at 1349. Specifically, the after-acquired evidence defense relates only to the issue of damages and, because Kovelesky did not prevail on any of her ADA claims, neither the court nor the jury reached that issue.  *See Holland*, 677 F.3d at 1064-65. On appeal, Kovelesky asserts that the e-mail evidence created a possibility that the jury would confuse issues of damages and liability and that the district court's jury instruction was prejudicial because it presumed that she committed misconduct. However, a review of the record shows that the court's jury instruction accurately reflected the law regarding the after-acquired evidence defense.  Taken in context, the court's instruction did not presume that Kovelesky committed any misconduct, but it merely conveyed First Data's position that Kovelesky had violated its confidentiality policies.  Moreover, the court clearly indicated that the "after-discovered evidence" of Kovelesky's "*alleged* misconduct," which was first discovered in May 2009, did not preclude relief on her ADA claims.  The court further instructed that, if the jury found in favor of Kovelesky, it should consider

9

the evidence in calculating damages.  We presume that the jury followed these instructions and did not consider the evidence in determining liability issues.  *See Gowski*, 682 F.3d at 1315.

In sum, because the jury found in favor of First Data as to all of Kovelesky's claims, it did not calculate any damages, and the district court's admission of the challenged evidence did not affect Kovelesky's substantial rights.  *See Proctor*, 494 F.3d at 1349.

### III.

Claims that are purely equitable in nature should be decided by a court, not by a jury. *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991).  In *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961 (7th Cir. 2004), the Seventh Circuit held that the ADA authorizes only equitable relief for retaliation claims and that compensatory and punitive damages are not available for such claims.  *See Kramer*, 355 F.3d at 964-65.  The *Kramer* Court noted that the issue was one of first impression before federal circuit courts, and it acknowledged a split on the issue among the district courts.  *Id.* at 965.  Research reveals that we have not squarely addressed the issue of whether plaintiffs raising ADA retaliation claims are entitled to compensatory and punitive damages or a jury trial.  In support of her position that we should reject the *Kramer* analysis, Kovelesky relies

10

on district court decisions, but she has not identified any binding precedent on the issue.

Regardless, we need not resolve this issue in the instant appeal because Kovelesky failed to present it to the district court. *See Access No*, 385 F.3d at 1331; *Land, Winston Cnty.*, 163 F.3d at 1302. In a pretrial motion, First Data argued that the district court should preclude the jury from hearing issues regarding Kovelesky's entitlement to front pay and back pay. Kovelesky filed a response, arguing that the jury should determine issues of front pay and back pay but, ultimately, the court agreed with First Data. During a pretrial conference, First Data then raised a "follow-up issue," arguing that the court, not the jury, should also decide Kovelesky's ADA retaliation claims because only equitable remedies were available for those claims. The court agreed with First Data, and Kovelesky did not object or otherwise argue that she was entitled to compensatory and punitive damages or a jury trial on her ADA retaliation claims. Moreover, Kovelesky continued to participate in the trial without objection, knowing that the court, not the jury, would decide her retaliation claims. Notably, after the trial concluded, Kovelesky filed a brief, specifically arguing that the trial court should reject the jury's advisory verdict as to her retaliation claims because the court should determine issues involving equitable relief. Thus, because Kovelesky, who was represented by counsel, failed to object to the district court's ruling that the

11

court would decide her ADA retaliation claims, she waived her purported right to a jury trial on those claims. *See Wilson v. Bailey*, 934 F.2d 301, 305 n.4 (11th Cir.1991) (concluding that a failure to object to a bench trial in the district court waives the issue for appellate review); *Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 644-45 (5th Cir.1976) (concluding that a party waives his right to a jury trial by acquiescing to a bench trial).

In her reply brief, Kovelesky argues that she did not waive her right to a jury trial because she opposed First Data's pretrial motion to preclude the jury from determining her entitlement to front pay and back pay. However, First Data's pretrial motion did not address whether Kovelesky was entitled to a jury trial and compensatory or punitive damages on her ADA retaliation claims, as First Data did not raise that issue until the pretrial hearing. Kovelesky suggests that she did not object to the court's ruling on this issue because an objection would have been futile. Regardless, to preserve the issue for appeal, Kovelesky was obligated to present her arguments to the district court such that it had an opportunity to rule on the issue, and she failed to do so. *See Land, Winston Cnty.*, 163 F.3d at 1302; *Wilson*, 934 F.2d at 305 n.4.

For the foregoing reasons, we affirm the judgment in favor of First Data.

**AFFIRMED.**

12